FILED
CLERK, U.S. DISTRICT COURT

AUG 1 0 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GEORGE H. Gage
       Petitioner,

V.

GEORGE J. GUIRBINO, Warden
       Respondent,

CASE NO;
(CV: 05-5057-ODW(OP)
IN RE STAY AN ABEYANCE

TO The HONORABLE OSWALD PARADA, united States Magistrate Judge, This is to Respectfully bring to the Courts attention that the petitioner has Resubmitted another state writ of Habeas Corpus As ordered by the Court on August 5, 2009, the petitioner Liled with the state Supreme Court, The California Attorney General, and the HONORABLE Judge PARADA, ORIGINALs and Copies of the writ thats Contained within, ONCE A Case Number is Assigned the Court will be Notifyed at once .

                    Respectfully Submitted

8-5-09
                    ") George H. Gage
                       George H. Gage

MC-275

Name: _George H. Gage_

Address: _Central State Prison_

_P.O. Box 0911_

_Imperial, Calif. 92251-0911_

CDC or ID Number: _T-57938_

_CALIFORNIA SUPREME COURT_

_____
(Court)

PETITION FOR WRIT OF HABEAS CORPUS

_George H. Gage_
Petitioner

vs.

_George J. Giurbino, Warden_
Respondent

No. _____
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and 4 copies of the petition and, if separately bound, 1 copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2009]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**This petition concerns:**

[X] A conviction      [ ] Parole

[ ] A sentence      [ ] Credits

[ ] Jail or prison conditions      [ ] Prison discipline

[ ] Other (specify): _____

1. Your name: _George H. Gage_

2. Where are you incarcerated? _Centinela State Prison_

3. Why are you in custody? [X] Criminal conviction    [ ] Civil commitment

*Answer items a through i to the best of your ability.*

  a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_ONE count of Continuous Sexual Abuse, NINE counts of forcible Rape, and NINE counts lewd acts against a child._

  b. Penal or other code sections: _Cal. P.C. 288.5, Cal. P.C. 261 (a)(2), Cal. P.C. 288(a)S._

  c. Name and location of sentencing or committing court: _Las Angeles County Superior Court._

  d. Case number: _No. MAO17774_

  e. Date convicted or committed: _March 2000_

  f. Date sentenced: _May 30, 2002_

  g. Length of sentence: _Seventy "70" years._

  h. When do you expect to be released? _N/A_

  i. Were you represented by counsel in the trial court? [X] Yes   [ ] No    *If yes, state the attorney's name and address:*

_____

_____

4. What was the LAST plea you entered? *(Check one):*

[X] Not guilty   [ ] Guilty   [ ] Nolo contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

MC-275

6. GROUNDS FOR RELIEF
**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4.*
*For additional grounds, make copies of page 4 and number the additional grounds in order.)*

SEE ATTACHED PAGES

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

SEE ATTACHED PAGES

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

IN RE, Gomez, 45 Cal. 4th 650, 88 Cal. Rptr. 3d. 177.          (2009)
Blakely V. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed 2d 403 (2004)
Cunningham V. California, 549 U.S. 270, 127 S. Ct 856, 166 L.Ed 2d 856 (2007)
"Black II" 127 S. Ct. 856. (2007). Butter V. Curry, 2008 DJDAR 8485.

Petitioner, was denied his Federal Constitutional Right to a Jury trial and the court acted in excess of its Jurisdiction when Petitioner was sentenced to the upper term and Consecutive terms based on Facts beyond those found by a Jury.

The Petitioner Seeks an additional Redress of his Blakely/Cunningham Claim, in light of the most recent Case titled: In Re, Gomez, 45 cal 4th 650 (2009). which or also supported by the (2008) Butler v. Curry, DJDAR 8485, Cunningham v. California (2007) 549 U.S. 270, and "Black II" which was also decided in 2007. The Petitioners Federal Writ of Habeas Corpus was placed in Second "Stay and Abeyance" (See Exhibits I & II). Pending Redress of his Blakely/Cunningham Claim after the Gomez decision. Thus the Petitioner Seeks Redress of his claim so it will Satisfy exhaustion Requirements from the U.S. District Court, Central District of California. Petitioner Contends that the trial Courts imposition of the upper term and Consecutive Sentences Constituted a violation of his Sixth Amendment Right to a Jury trial under Blakely v. washington, 124 S. Ct. 2531, (2004) Cunningham v. California, 549 U.S. 270, (2007) "Black II" 127 S. Ct. 1210, Butler v. Curry, DJDAR 8485 (2008) and In Re, Gomez, 45 cal. 4th 650 (2009). thus also violating his Rights guaranteed under the 14th Amendment Petitioner also Cites In Re, Clark 21 Cal. Rptr. 2d 509 (Cal. 1993.)

The Petitioner Respectfuly cites Butler v. Curry, 2008 DJDAR 8485,

## A. Retroactivity

In Cunningham, the Supreme court addressed a sixth amendment challenge to California's DSL. The petitioner in Cunningham was Convicted of "continuous sexual abuse of a child under the age of 14." 127 S. Ct. at 860. The Crime, like the crimes of which Butler was Convicted, was punishable under California law by a Lower, middle, or upper term. Id. Finding several aggravating Factors, the Judge imposed an upper term Id. observing that, under California Penal Code 1170 (b) (2005), the Judge was Required to impose a middle term sentence unless he found one or more aggravating Factors, the Court held:

In accord with Blakely... the middle term prescribed in California's Statutes, not the upper term, is the Relevant Statutory maximum. Because circumstances in aggravation are found by the Judge, not the Jury, and need only be established by a preponderance of the evidence, not beyond a Reasonable doubt, the DSL violates Apprendi's brightline Rule,- Except for prior Conviction, any fact that increases the penalty for a Crime beyond the prescribed statutory maximum must be submitted to a Jury, and proved beyond a Reasonable doubt.

1  Citing In Re, Gomez, 45 Cal. 4th 650 (2009).

2

3      Petitioner's sentencing hearing took place

4  on July 29, 2004, five weeks after the United

5  States Supreme Court issued its opinion in

6  Blakely Supra, 542 u.s. 296, 124 S.ct. 2531, 159

7  L.Ed 2d 403. Blakely held that a criminal

8  defendants Sixths Amendment Right to Jury

9  trial was violated by a Washington state trial

10  Court's imposition of " 'an exceptional sentence' "

11  beyond the " 'standard range' " provided [45 Cal 4th

12  654] under Washington's Sentencing Reform Act,

13  based upon facts that had not been found to be

14  true by a jury beyond a reasonable doubt. (Blakely,

15  Supra, 542 u.s. at p. 299, 124 S.ct. 2531.) Petitioner in

16  the present case, both in the trial court and on

17  appeal, argued that the imposition of the upper

18  term sentence violated his Sixth Amendment rights

19  under Blakely because none of the aggravating

20  circumstances had been found true by a jury.

21  on June 16, 2005, during the time petitioner's appeal

22  was pending, this Court decided People v. Black, (2005)

23  35 Cal. 4th 1238, 29 Cal Rptr. 3d 740, 113 P.3d 534 (Black I)

24  holding that Blakely did not apply to California's determinate

25  Sentencing law (DSL). Thereafter, in the present proceedings,

26  the Court of Appeal upheld petitioners upper-term sentence

27  on September 8, 2005, relying upon our decision in Black I.

28  Petitioner did not seek review in this court or the United
   States Supreme Court.

1  Citing In Re, Gomez, 45 cal 4th 650 (2009).

2  [2][3] Ordinarily, we will provide a Remedy

3  a Remedy on Collateral Review of a Final

4  Judgement if that Remedy would be available in

5  the federal Courts " whether or Not we are

6  Compelled to afford defendants a Comparable

7  State Collateral Remedy [citations], the availibility

8  of the federal Remedy makes it pointless for us

9  To Refuse to do so..." (In Re, Spencer (1965) 63

10  Cal. 2d 400, 405-402, 46 Cal. Rptr. 753, 406 P.2d 33.)

11  As a matter of practical policy, it would Not

12  make Sense for our State Courts to Reject Claims

13  grounded upon Cunningham if those Claims would

14  be granted in the Federal Courts. Such a Course

15  of action would result in duplicative litigation and

16  greater delay in achieving finality of State Courts

17  Judgements. Consequently, if we conclude that the

18  United States Supreme Court would require the

19  Federal Courts to afford Relief under Cunningham

20  to petitioners in habeas Corpus proceedings whose

21  Judgements become final after Blakely but before

22  Cunningham, we will apply the high Courts decision

23  in Cunningham in Such decisions as well. (FN3)

24

25  In light of this New decision the Petitioner Respectfully

26  Seeks additional Redress of his Blakely / Cunningham claim,

27  especially when one Considers the Close Similarities in the

28  above mentioned Cases.

1   Therefore, the petitioner now seeks to property exhaust

2   his Blakely/Cunningham Claim with great reference to

3   In Re, Gomez, 45 Cal. 4th 650, (2009). Petitioner Contends

4   that the trial Court's imposition of the upper term and

5   Consecutive Sentences constituted a Violation of his Sixth

6   Amendment Right to a Jury trial, See Blakely, Supra,

7   542 U.S. 296, 124 S.Ct. 2531 and Cunningham v. California,

8   549 U.S. 270. Under Circumstances controlling herein

9   the Nations high Court in Blakely held that the Sixth

10  Amendment Right to a Jury trial extends to facts

11  used to aggravate a Sentence beyond that Reflected

12  in a Jury Verdict or admitted by the defendant.

13  In Blakely, the defendant pleaded guilty to the Second

14  degree Kidnapping of his estranged wife, involving domestic

15  Violence and use of a firearm, under Washington law,

16  the Plea Subjected Blakely to a standard Sentence of

17  between 49 and 53 months. State law also provided for a

18  Sentence above the Standard Range upon a finding of

19  ("Substantial and compelling Reasons Justifying an exceptional

20  Sentence" 124 S.Ct. 2535.) An illustrative, but not exhaustive

21  list of Reasons guided the Court's determination of a

22  Sentencing departure. However, the law limited a Court's

23  departure. However the law limited a Court's departure

24  from the Standard Sentence Range.

25  If any Reasons were so Found, the Court was Required to

26  make findings of Fact and Conclusions of law Supporting

27  it. After the Plea, and consistent with State law, the trial

28  Court held a Seperate (non-Jury) Sentencing hearing and

1  found that the defendant did act with "deliberate

2  Cruelty" an aggravating factor. Consequently, it aggravated

3  Blakely's sentence by an additional 37 months, resulting

4  in a total sentence of 90 months. (124 S. Ct. 2545)

5  Blakely's Sixth Amendment challenge was initially rejected

6  by the intermediate reviewing court and the Washington

7  Supreme Court denied review.

8  Relying on Apprendi v. New Jersey (2000) 530 U.S. 466,

9  120 S. Ct. 2348, 147 L.Ed 2d 435. The United States Supreme

10 Court reversed stating: "other than the fact of a prior

11 conviction, any fact that increases the penalty for a crime

12 beyond the prescribed statutory maximum must be submitted

13 before a jury and proved beyond a reasonable doubt." The

14 Blakely court held that the judge could not increase the

15 sentence based upon his findings of "deliberate cruelty"

16 even though the sentence meted out did not exceed the

17 statutory maximum for that offense. Blakely supra, 542 U.S.

18 296, 304-305.

19 The Blakely Court made clear that Apprendi and the Sixth

20 Amendment of the United States Constitution required that

21 any such sentence enhancement must be proven beyond a

22 reasonable doubt and found to be true by a jury. In order

23 to clarify what it meant by the "maximum sentence" as

24 "the maximum sentence a judge may impose solely on the

25 basis of the facts reflected in the jury verdict or admitted

26 by defendant" 124 S. Ct. at 2537; (italics in original).

27

28

1   As further Stated by the Nations High Court:

2      "In other words, the Relevent 'statutory maximum'

3      is not the maximum Sentence a Judge may impose

4      after finding additional facts [to support Sentence

5      enhancements], but the maximum he may impose

6      without any additional findings. When a Judge

7      inflicts punishment that the Jury has not found

8      all the facts "which the law makes essential to

9      the punishment" (Ibid... Italics in original.)

10   The petitioner respectfully Request that this Court

11   Review "California's Determinate Sentencing law an

12   Error in imposition of upper term" also Review Rules

13   4.420 and 4.426 of California Rules of Court.

14

15      In the present case, None of the Aggravants Relied

16   upon by trial court (i.e. vulnerable victim, violation of trust,

17   or Number of offenses.) To imposing the upper term for

18   continuous sexual abuse conviction Related to " the fact

19   of Prior conviction" (Apprendi, supra 530 U.S. at 488-490,

20   see Almendarez-Torres v. united States (1998) 523 U.S. 224,

21   [118 S. Ct. 1219, 140 L. Ed. 2d 350] also Cunningham v. California,

22   549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). Thus,

23   under Apprendi, Blakely and Cunningham, petitioner had

24   a sixth Amendment Right to a Jury trial Subjecting

25   such factors to the beyond-a-reasonable-doubt Standard

26   of proof. Since None of the non-Recidivist factors Relied

27   upon by the trial court were decided by the verdict

28   or otherwise admitted by the petitioner, the trial

Court herein exceeded its proper Authority in
aggravating Petitioners Sentence. Accordingly, Petitioners
upper term of 86 years imprisonment does not meet the
Constitutional muster under the controlling decisional
Law of the United States Supreme Court and must be
Vacated.

So too must the additional punishment imposed by the
imposition of Consecutive Sentences be Reversed. The
Court found that consecutive Sentences were
Required by Section 667.6(d) on grounds the offenses
occurred on seperate Occasions, while the Section provides
a statutory exception to the general Rule of Concurrent
terms absent special findings and the Jury Returned
Verdicts on each Seperate Offense, the Jury was not
presented with the question of whether Consecutive Sentences
Should be imposed and made no Commensurate findings
beyond a Reasonable doubt, because the Statutes employed
by the trial Court to impose these enhanced Sentences
was not presented to or Considered by a Jury, the trial
Judge had no Authority to impose either the upper term
or Consecutive Sentences. Thus, the imposition of aggravated
and Consecutive Sentences in this Case Violated the petitioners
Sixth Amendment Right to a Jury trial. (See) Blakely V.
washington (2004) 542 u.s. 296, 124 S. Ct. 2531, 159 L.Rd 2d 403,
Cunningham v. California, 549 us.270, 127 S. Ct. 856, 166 L.Ed.
2d 856 (2007) "Black II" 127 S. Ct. 1210, 167 L.Ed 2d 36 (2007)
Butler V. Curry, (2008 DJDAR 8485) Petitioners Argument

Is supported by this Courts most Recent decision in,
In Re, Gomez, 45 Cal. 4th 650, 88 Cal. Rptr. 3d 177 (2009).
It is the belief of the petitioner that in light
of the case's cited within his pro se petition, that
the only appropriate Remedy would to Respectfully Request
that the Judgement be Vacated.

Petitioner also Contends his Constitutional Claim is not
waived, and any suggestion petitioners Constitutional Claim
herein was waived by defense Counsels failure to
object is without merit.

Foundationally, the question of waiver of A Federally
guaranteed Constitutional Right is a Federal Question
Controlled by Federal Law. [Brookhart v. Janis, (1962)
384 U.S. 1, 4, 86 S. Ct. 1245, 16 L. Ed. 2d 314.] Furthermore,
at the time petitioner was Sentenced, California Case
Law, Statutes and Rules did not permit A Jury trial on
Sentencing Factors in Non-Capital Cases. It would have
been equally useless to Request Application of Reasonable
doubt Standard in light of existing Law and other
authority. (See e.g., People V. Martinez (2003) 31 Cal. 4th 673,
700 [Jury determination of truth of aggravating Circumstances
in Capital Cases Not Subject to Reasonable doubt Standard
of proof on aggravating factors used to impose upper
term].) Therefore, the claim being Futile prior to Blakely,
and otherwise Not Subject to Anticipation in light of
State Law. (See) People V. Nelson (1978) 85 Cal. App. 3d 99, 101-102.
There is no waiver, (See e.g.) people V. Hill (1998) 17 Cal. 4th 800, 820;

People V. Abbaszadeh (2003) 106 Cal. App 4th 642, 648-649; See also People V. Birks (1998) 19 Cal. 4th 108, 116 Fnt. (No waiver where Lower Court bound by higher Court on issue.) Reed V. Ross (1984) 468 U.S. 1, 11 (104 S. Ct. 2901, 82 L. ed. 2d 1.))

In Any event, the error effects the petitioner's substantial rights (§ 1259) and this Court is "Not Prohibited from Reaching A question that has Not been preserved by A party" (People V. Williams (1998) 17 Cal. 4th 148, 161-162, F.N. 6

Accordingly, any and all of the foregoing Authorities permit and/or Require Review of petitioners Petition. Thus, Granting Relief to the Petitioner.

By Virtue of the decisions in Blakely, Cunningham, Buttee V. Corry, "Black II" and In Re Gomez, The United State Supreme Court and Court of Appeals invaladated the California Sentencing Scheme governing imposition of the upper term and imposition of Consecutive Sentences. Because petitioners Sentence Suffers from the defects identified in Blakely, Cunningham, and "Black II" and in this Courts Recent decision in, In Re, Gomez. The Petitioner believes his Sentence Should be Vacated.

Dated: 8-5-09

George H. Gage

George H. Gage

IN Closing, the petitioNER prays that the court in its wisdom and Fairness, and after total Review of the PetitioNERS, Petition in its entirity,. GRANT his writ and Reverse and vacate his Sentence with the Appropriate instructions deemed fitting by the court, Also the petitioNER Respectfully Request that in the event of an evidentiary hearing, that petitioNER be granted counsel.

Respectfully Submitted this 5th day of August 2009.

Dated: 8-5-09

George H. Gage

George H Gage

URT PAPER
ATE OF CALIFORNIA
D. 113 (REV. 8-72)

34769

7. **Ground 2 or Ground** _____ *(if applicable):*

N / A

a. Supporting facts:

N / A

b. Supporting cases, rules, or other authority:

N / A

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes ☐ No   If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):
   COURT OF APPEALS OF CALIFORNIA, SECOND DISTRICT, DIVISION FIVE.

   b. Result: AFFIRMED   c. Date of decision: N/A

   d. Case number or citation of opinion, if known: NO. B168825

   e. Issues raised: (1) Trial Court failed to give unanimity instruction, violated Rights.

      (2) Insufficient Evidence to Sustain Rape Allegations, .

      (3) Amendment of Abstract. (4). Blakely V. Washington Violation.

   f. Were you represented by counsel on appeal? ☒ Yes ☐ No   If yes, state the attorney's name and address, if known:
   Athena Shudde 1762 Columbia St. San Diego, Ca. 92101

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No   If yes, give the following information:

   a. Result: Denied   b. Date of decision: N/A

   c. Case number or citation of opinion, if known: unknown

   d. Issues raised: (1) Blakely V. Washington Violation

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    N/A

11. Administrative review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500.) Explain what administrative review you sought or explain why you did not seek such review:

    N/A

    b. Did you seek the highest level of administrative review available? ☐ Yes ☐ No
    *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes    If yes, continue with number 13.    [ ] No    If no, skip to number 15.

13. a. (1) Name of court: _United States District Court, Central District of California._

   (2) Nature of proceeding (for example, "habeas corpus petition"): _Writ, Federal Habeas Corpus._

   (3) Issues raised: (a) _Trial Court Failed to give unanimity instruction,_
        (b) _Insufficient Evidence. (c) Blakely V. Washington violation._

   (4) Result (attach order or explain why unavailable): _First and Second Court orders or Attached._

   (5) Date of decision: _Pending._

   b. (1) Name of court: _N/A_

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____
        (b) _____

   (4) Result (attach order or explain why unavailable): _____

   (5) Date of decision: _N/A_

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   _See Attached orders Labeled exhibit 1 & 2._

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

   _N/A_

16. Are you presently represented by counsel? [ ] Yes   [X] No    If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [X] Yes   [ ] No    If yes, explain:

   _See Attached orders._

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _8-5-09_                          ► _George H. Gaye_
                                           (SIGNATURE OF PETITIONER)

## VERIFICATION
(C.C.P. §446; §2015.5; 28 U.S.C. §1746)

I, _George H. Gage_ declare under the penalty of perjury that:

I am the _Petitioner_ in the attached matter, I have read the foregoing documents and know the contents thereof, and the same is true of my own personal knowledge, or upon information and belief therein that they are true. That if called to testify as to the contents hereof, I could do so competently as a sworn witness.

Executed this _5th_ day of _August_, _2009_ at the California State Prison-Centinela, in the city of Imperial, State of California

(Signature) _George H. Gage_
Declarant

*****************************************************

## DECLARATION OF SERVICE BY MAIL
(C.C.P.§1013(a); §2015.5; 28 U.S.C. §1746)

I, _George H. Gage_ declare; That I am a resident of the California State Prison-Solano. in the State of California. I am over the age of (18) years of age, I am [X] am not [ ] a party to the above entitled action. My address is P.O. Box 0911; cell ( ), Imperial, California 92251-0911
I served the attached described documentation entitled:

_Blakely/Cunningham Claim, Via Writ of Habeas Corpus._

on the person(s)/entities/parties specified below by placing a true and duplicated copy(s) of the described documentation into a First Class Postage Paid envelope and submitted it to custody officials for inspection, sealing, and depositing in the United State Mail, consistent with the "Mailbox Rule": Houston v. Lack, 487 U.S. 266,108 S.Ct. 2379, 101 L.Ed.2d. 245 (1988) at the California State Prison-Centinela in Imperial, California 92251-0911 addressed as follows:

_California Supreme Court_
_350 McAllister Street_
_San Francisco, CA._
_94102 - 4797_

_Calif. A. G._
_S. F. Office_
_455 Golden Gate Ave #11000_
_San Francisco, CA._
_94102-3664_

There is First Class mail delivery service by the United States Postal Service at the person(s)/entities/parties addresses and/or regular communications by Postal Service delivery at the addresses above. I declare under the penalty of perjury that the foregoing is true and correct according to my knowledge and beliefs, and that I executed the service on:

This _5th_ day of _August_, _2009_
(Signature) _George H. Gage_
Declarant

# EXHIBIT COVER PAGE:

Exhibit: _____I_____

Description of this exhibit: *First, order of "Stay and Abeyance," per, united states district court, Central district of California*

Number of pages of this exhibit: ___14___ pages

JURISDICTION:  (Check only one)

_____Municipal Court

_____Superior Court

_____Appellate Court

__✓__State Supreme Court

_____United States District Court

_____United States Circuit Court

_____United States Supreme Court

_____California Department of Corrections, 602 Exhibit.

_____Other:_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GEORGE H. GAGE,

         Petitioner,

  v.

GEORGE J. GIURBINO, Warden,

         Respondent.

)
)
)
)
)
)
)
)
)

Case No.    CV 05-5057-ODW (OP)

ORDER RE: STAY AND ABEYANCE OF HABEAS PROCEEDINGS PENDING EXHAUSTION OF CUNNINGHAM CLAIM

## I.

## BACKGROUND

On July 11, 2005, George H. Gage ("Petitioner"), filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On January 3, 2006, Respondent filed an Answer to the Petition ("Answer"). On April 5, 2006, Petitioner filed a Traverse to the Answer ("Traverse").

Just twenty-one days before Petitioner filed his Petition, on June 20, 2005, the California Supreme Court, interpreting California's determinate sentencing law ("DSL"), decided People v. Black, 35 Cal. 4th 1238 (2005), vacated, 127 S. Ct. 1210, 167 L. Ed. 2d 36 (2007) ("Black I"). On January 22, 2007, the United States Supreme Court decided Cunningham v. California, 549 U.S. 270, 127 S. Ct.

856, 166 L. Ed. 2d 856 (2007). In <u>Cunningham</u>, the United States Supreme Court, disagreeing with the California Supreme Court's decision in <u>Black I</u>, held that California's DSL violates a defendant's federal constitutional right to a jury trial under the Sixth and Fourteenth Amendments to the United States Constitution by assigning to the trial judge, rather than the jury, the authority to make the factual findings that subject a defendant to the possibility of an upper term sentence. <u>Cunningham</u>, 127 S. Ct. 856, 860. All of the briefing in the current action was completed prior to the Supreme Court's <u>Cunningham</u> decision.

In his fourth claim herein, Petitioner asserts that the upper term sentence imposed by the trial court on his conviction for continuous sexual abuse and the trial court's imposition of consecutive sentences were imposed in violation of <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

## II.

### DISCUSSION

**A.    <u>Exhaustion of State Judicial Remedies.</u>**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. <u>See</u> 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the

2

1    state courts and be disposed of on the merits by the highest court of the state. <u>See</u>

2    <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir. 1994); <u>Carothers v. Rhay</u>, 594 F.2d 225,

3    228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has

4    described in the state court proceedings both the operative facts and the federal

5    legal theory on which his claim is based. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364,

6    365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270,

7    275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828,

8    830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has

9    exhausted available state remedies. <u>See, e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158

10   (3d Cir. 1982). The exhaustion requirement seeks to avoid "the unseemliness of a

11   federal district court's overturning a state court conviction without the state courts

12   having had an opportunity to correct the constitutional violation in the first

13   instance." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45, 119 S. Ct. 1728, 144 L.

     Ed. 2d 1 (1999) (citations, internal brackets, and quotation marks omitted).

14        Here, the California Court of Appeal rejected Petitioner's <u>Blakely/Apprendi</u>

15   claim. (Answer Ex. B.) Petitioner then presented the <u>Blakely/Apprendi</u> claim in

16   his petition for review in the California Supreme Court. (<u>Id.</u> Ex. C.) On February

17   16, 2005, the state supreme court denied the petition "without prejudice to any

18   relief to which defendant might be entitled after this court determines in <u>People v.</u>

19   <u>Black</u>, S126182 [<u>Black I</u>], and <u>People v. Towne</u>, S125677, the effect of <u>Blakely v.</u>

20   <u>Washington</u> (2004) ___ U.S. ___ 124 S. Ct. 2531, on California law." (Answer

21   Ex. D.) <u>Black I</u> was decided on June 20, 2005, and the Petition herein was filed

22   only twenty-one days later.

23        As discussed below, because <u>Cunningham</u> places Petitioner's <u>Blakely/</u>

24   <u>Apprendi</u> claim in a "fundamentally different light," further exhaustion of his

25   claim is now appropriate.

26   **B.    <u>Intervening Change in the Law</u>.**

27        In <u>Cunningham</u>, the United States Supreme Court, disagreeing with the

28   California Supreme Court's decision in <u>Black I</u>, held that California's DSL

1 violates a defendant's federal constitutional right to a jury trial under the Sixth and
2 Fourteenth Amendments to the United States Constitution by assigning to the trial
3 judge, rather than the jury, the authority to make the factual findings that subject a
4 defendant to the possibility of an upper term sentence. Cunningham, 127 S. Ct. at
5 860. In so holding, the Supreme Court extended the holdings in Blakely v.
6 Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and
7 Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435
8 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the
9 penalty for a crime beyond the prescribed statutory maximum must be submitted to
10 a jury, and proved beyond a reasonable doubt") to California's DSL.
11     "The principle that state remedies are exhausted if the federal claim has
12 once been presented to the highest state court, and that it is not necessary to make
13 repeated applications or to try other state remedies, is qualified if there has been an
14 intervening change in the law." 17B Charles Alan Wright, Arthur R. Miller,
15 Edward H. Cooper & Vikram David Amar, Federal Practice and Procedure §
16 4264.4 (3d Ed. 2007).
17     If a prisoner has exhausted his state remedy unsuccessfully, but there is
18     an intervening Supreme Court decision that might induce the state courts
19     to give relief, the prisoner will be required to apply again for relief from
20     the state courts so that they may have the first opportunity to apply the
    new Supreme Court decision.
21 Id. (footnote omitted). Further exhaustion may be required where an intervening
22 change in federal law "cast[s] the legal issue in a fundamentally different light."
23 Picard, 404 U.S. at 276 (citing Blair v. California, 340 F.2d 741, 744-45 (9th Cir.
24 1965), Pennsylvania ex rel. Raymond v. Rundle, 339 F.2d 598 (3d Cir. 1964)).[1]
25
26                                _____
27     [1] Further exhaustion is not required in the event of an intervening change in
state law. See, e.g., Francisco v. Gathright, 419 U.S. 59, 63 & n.6, 95 S. Ct. 257,
28 42 L. Ed. 2d 226 (1974) (distinguishing situation involving an intervening change

In <u>Blair</u>, the state courts had rejected the petitioner's claim that he had a

right to the appointment of counsel on appeal.  <u>Blair</u>, 340 F.2d at 743.  Thereafter,

the Supreme Court decided <u>Douglas v. California</u>, 372 U.S. 353, 83 S. Ct. 814, 9

L. Ed. 2d 811 (1963), which recognized for the first time a constitutional right to

the appointment of counsel on appeal.  <u>Blair</u>, 340 F.2d at 744.  Blair filed a motion

in the district court for leave to file an *in forma pauperis* application for writ of

habeas corpus.  <u>Id.</u> at 742.  The motion was denied as frivolous, and Blair

appealed to the Ninth Circuit.  <u>Id.</u>  The Ninth Circuit held that the denial was in

error because of the subsequent Supreme Court decision in <u>Douglas</u>.  <u>Id.</u> at 745.  It

also held, however, that further exhaustion was required because Blair had "not

obtained an adverse state court ruling on the issue of whether <u>Douglas v.

California</u> is applicable to Blair's pre-<u>Douglas</u> state appeal . . . ."  <u>Id.</u> at 744.  The

Court explained:

> The underlying lesson of this case is that a state prisoner who believes
>
> that some decision of the United States Supreme Court subsequent to the
>
> state court decision in his case requires that his conviction or sentence
>
> be set aside should first pursue any state remedy which may be available
>
> to present that contention before applying for a federal writ of habeas
>
> corpus.

<u>Id.</u> at 745.

When the Supreme Court recognizes a new constitutional right, traditional

exhaustion analysis mandates that the petitioner return to state court and present

his or her new "federal legal theory" to that court.  <u>Duncan</u>, 513 U.S. at 365-66;

<u>Anderson v. Harless</u>, 459 U.S. 4, 7-8, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982);

---

in federal law); <u>Roberts v. LaVallee</u>, 389 U.S. 40, 43, 88 S. Ct. 194, 19 L. Ed. 2d

41 (1967).

5

1   Picard, 404 U.S. at 277; Vang v. Nevada, 329 F.3d 1069, 1075 (9th Cir. 2003).[2]

2   However, the test to determine whether an intervening Supreme Court case

3   warrants further exhaustion is not necessarily whether the case recognizes a new

4   right. Rather, the test is whether the case casts the petitioner's claim in a

5   "fundamentally different light." See Picard, 404 U.S. at 276. Therefore, further

6   exhaustion may be appropriate not only where an intervening Supreme Court case

7   establishes a new constitutional principle, but also where the intervening case has

8   the effect of increasing significantly the likelihood that the state court would grant

9   the petitioner's claim.

10      Perhaps most significantly for present purposes, further exhaustion may be

11  appropriate where an intervening Supreme Court case overrules or otherwise

12

13      [2] Many other cases are in accord. See, e.g., Daboul v. Craven, 429 F.2d

14  164, 167-68 (9th Cir. 1970) (further exhaustion required where new case of Barber
    v. Page, 390 U.S. 719, 88 S. Ct. 1318, 20 L. Ed. 2d 255 (1968), held

15  unconstitutional a state statute similar to that challenged by petitioner; further
    exhaustion also required on challenge to line-up procedure in light of new cases of

16  Stovall v. Denno, 388 U.S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199 (1967), and

17  Foster v. California, 394 U.S. 440, 89 S. Ct. 1127, 22 L. Ed. 2d 402 (1969),
    because state courts "had no opportunity to deal with the claim of violation of due

18  process in the line-up procedure, with the benefit of the Supreme Court's

19  important pronouncements in Stovall and Foster"); Ashley v. California, 397 F.2d
    270, 270 (9th Cir. 1968) (further exhaustion required because new cases, including

20  Pate v. Robinson, 383 U.S. 375, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966), presented

21  a potential ground for relief upon which the state courts had not yet ruled); United
    States ex rel. Walker v. Fogliani, 343 F.2d 43, 46-47 (9th Cir. 1965) (further

22  exhaustion required where new case of Escobedo v. Illinois, 378 U.S. 478, 84 S.

23  Ct. 1758, 12 L. Ed. 2d 977 (1964) "cast new light upon a fundamental guarantee of

24  the Federal Constitution"; district court ordered to hold petition in abeyance while
    petitioner exhausted claims); In re Whittington, 391 U.S. 341, 343, 88 S. Ct. 1507,

25  20 L. Ed. 2d 625 (1968) (on review following grant of certiorari, where petitioner

26  relied on United States Supreme Court Case decided after state court's dismissal
    of the case, Supreme Court vacated state court judgment and remanded case to

27  state court because the state courts had not had the opportunity to assess the

28  impact of the new decision on petitioner's claims).

disapproves a state court precedent on which the state court had based its denial of

relief.  See, e.g., Wood v. Superintendent, Carolina Correctional Unit, 504 F.2d

1069, 1070 (4th Cir. 1974) (exhaustion required where Berry v. City of Cincinnati,

414 U.S. 29, 94 S. Ct. 193, 38 L. Ed. 2d 187(1973), "effectively overruled"

Virginia Supreme Court case holding Argersinger v. Hamlin, 407 U.S. 25, 92 S.

Ct. 2006, 32 L. Ed. 2d 530 (1972), was not retroactive).[3]  On the other hand, where

the intervening Supreme Court case endorses the same constitutional analysis

previously employed by the state court, and thus does not increase significantly

the petitioner's chances of prevailing in state court, federal habeas courts have

refused to require further exhaustion.  See, e.g., O'Neil v. Nelson, 422 F.2d 319,

323-24 (9th Cir. 1970), rev'd on other grounds, 402 U.S. 622, 91 S. Ct. 1723, 29

L. Ed. 2d 222 (1971) (although Bruton v. United States, 391 U.S. 123, 88 S. Ct.

1620, 20 L. Ed. 2d 476 (1968) postdated state courts' decisions, exhaustion is not

required where the petitioner had relied in state court on People v. Aranda, 63 Cal.

2d 518 (1965)); "substantially the same question that [petitioner] now presents

was presented to and decided by the California court, California having

---

[3]  Further exhaustion also may be required i) where a new Supreme Court
case sets forth a mode of constitutional analysis different from that used by the
state court.  See, e.g., Sweet v. Cupp, 640 F.2d 233, 237 (9th Cir. 1981) (further
exhaustion required in light of intervening case of Craig v. Boren, 429 U.S. 190,
97 S. Ct. 451, 50 L. Ed. 2d 397 (1976), establishing a more stringent Equal
Protection standard than that employed by state court); ii) where an intervening
Supreme Court case undermines earlier Supreme Court authority on which the
state court relied.  See, e.g., Franklin v. Conway, 546 F.2d 579, 581-82 (4th Cir.
1976) (new Supreme Court cases "refine[d] and, at least arguably, alter[ed] the test
of invalidity [governing issue of constitutionality of statutory presumption] set
forth in [earlier Supreme Court case]"); or iii) where an intervening Supreme
Court case abrogates a prior Supreme Court case that previously had impeded the
petitioner's success on the merits.  See, e.g., Reynolds v. Oklahoma, 397 F. Supp.
1112, 1114 (W.D. Okla. 1975).

anticipated Bruton.");[4] see also Holley v. Smith, 792 F.2d 1046, 1048 (11th Cir.
1986) (new case of Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d
637 (1983) was not a "fundamental departure from existing law," for the case "did
nothing more than . . . apply long established principles to the particular facts of
that case"; further exhaustion not required); Hawkins v. West, 706 F.2d 437, 439-
40 (2d Cir. 1983) (challenge to sufficiency of evidence did not require further
exhaustion in light of Jackson v. Virginia; Jackson "flowed from" In re Winship,
397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), and state courts had not
applied a standard different from that articulated in Jackson); cf. Hudson v.
Rushen, 686 F.2d 826, 830 (9th Cir. 1982) (state courts' alleged failure to consider
Ninth Circuit cases articulating standards substantially parallel to those set forth in
People v. Marsden, 2 Cal. 3d 118 (1970) did not render claims unexhausted; "The
exhaustion requirement does not bar admission to the federal courts until the state
courts have explicitly considered every relevant federal case.").

---

[4] The Ninth Circuit in O'Neil also opined that the issue was controlled by
Roberts v. LaVallee, 389 U.S. 40 (1967), and Pope v. Harper, 407 F.2d 1303 (9th
Cir. 1969). O'Neil, 422 F.2d at 324. In Pope, the district court ordered the
petitioner to return to state court to exhaust his federal constitutional claim in light
of the new case of Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d
705 (1967). The Ninth Circuit reversed, holding that exhaustion was not required
because "[w]hatever support for the order derived from Blair [v. California, supra],
was destroyed by the Supreme Court's decision in Roberts v. LaVallee . . . ."
Pope, 407 F.2d at 1305 (citation omitted). However, as indicated above, Roberts
involved the issue of intervening state law, not intervening Supreme Court law.
Any notion that Roberts governs the issue of exhaustion in the light of intervening
federal law was dispelled in Francisco and Picard, both of which cited Blair.
Moreover, in Hudson v. Rushen, 686 F.2d 826, 830 (9th Cir. 1982), the Ninth
Circuit recognized, but distinguished, Blair, without intimating that Blair was no
longer good law. See Hudson, 686 F.2d at 830 n.2. Therefore, to the extent that
the Ninth Circuit's pronouncements in O'Neil and Pope undercut the
authoritativeness of Blair in this Circuit, those cases have not survived Francisco,
Picard, and Hudson.

8

Cunningham was not the first Supreme Court case to recognize that certain facts increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. See, e.g., Blakely, 542 U.S. 296; Apprendi, 530 U.S. 466. In the circumstances of the present case, however, Cunningham casts Petitioner's Blakely/Apprendi claim in a "fundamentally different light" from the light that illuminated the claim at the time the state courts ruled.[5]

When the California Supreme Court rejected Petitioner's Blakely/Apprendi claim, it cited specifically to Black I as potentially entitling Petitioner to relief. (Answer Ex. D.) Petitioner would not have been entitled to relief under Black I. By eliminating the impediment of Black I, Cunningham now has increased Petitioner's chances of prevailing in state court on his Blakely/Apprendi claim.[6]

On remand of Black I in light of Cunningham, the California Supreme Court held that imposition of an upper term sentence by the judge does not violate a defendant's right to a jury trial if at least one aggravating circumstance is

---

[5] The Court need not, and does not, reach the issue of whether Cunningham announced a "new rule" within the meaning of the retroactivity analysis discussed in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); see Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005) (Blakely not retroactive); but see Cunningham, 127 S. Ct. at 869 (criticizing Black I for having examined California law to determine that California's sentencing system did not implicate significantly the concerns underlying the Sixth Amendment's jury-trial guarantee; "Our decisions, however, leave no room for such an examination"; "[a]sking whether a defendant's basic jury-trial right is preserved, though some facts essential to punishment are reserved for determination by the judge, we have said, is the very inquiry Apprendi's 'bright-line rule' was designed to exclude"); id. at 871 ("Contrary to the Black [I] court's holding, our decisions from Apprendi to Booker point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum.").

[6] This Court expresses no view regarding the ultimate merits of Petitioner's Blakely/Apprendi claim in light of Cunningham.

established by means that satisfy Sixth Amendment requirements, thereby making the defendant eligible for the upper term. People v. Black, 41 Cal. 4th 799, cert. denied, 41 Cal. 4th 799 (2007) ("Black II"). The Black II court stated specifically: "[I]mposition of the upper term does not infringe upon the defendant's constitutional right to jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the defendant, or is justified based upon the defendant's record of prior convictions." Id. at 816. In Black II, those circumstances included: (1) the fact that the information alleged, and the jury found true beyond a reasonable doubt, that defendant committed the offense of continuous sexual abuse of a child by means of force, violence, duress, menace, and fear of immediate and unlawful bodily injury, and the trial court identified the use of force as an aggravating circumstance under Penal Code section 1170;[7] and (2) the fact that Black had numerous prior convictions increasing in seriousness. Black II, 41 Cal. 4th at 817-19.

Here, in sentencing Petitioner to the upper term on the continuous sexual abuse count, the trial court observed he following aggravating factors: the nature of the crimes; Petitioner took advantage of his position of trust with the victim; the victim was vulnerable with no one to come to her aide; and the numerous crimes charged. (Supp'l CT at 16.) The California Court of Appeal noted that the trial court gave the following explanation of it decision to impose the upper term:

> [T]he court finds the following factors in aggravation. Number 1, the nature of the crime where as a 288.5 can be committed by as little as three acts of substantial sexual conduct over three months these crimes that occurred between the months were numerous way beyond what

---

[7] In Petitioner's case herein, the definition of the crime of continuous sexual abuse of a child for which Petitioner was convicted did not include the elements of force, violence, menace, duress, or fear. (CT at 361-62); Cal. Penal Code § 288.5(a).

would be required for 288.5.[8]   Further, the defendant took . . .
advantage of a position of trust . . . in that he was the stepfather who was
trusted with the victim in this case. Thirdly, the victim was particularly
vulnerable in that he sought her out when there were no others around
to come to her aid or to protect her from defendant. Also, there are
numerous crimes. The way the prosecutor charged this case he could
have charged literally hundreds of crimes in this case buy yet chose to
only allege 19, some of which are duplicative. So that is a further
aggravating factor. The defendant could have been convicted of many
more counts that were not even charged.

(Answer Ex. B at 121.)

After setting forth this recitation, the court of appeal specifically noted that
"the foregoing findings are not specifically reflected in the jury's verdict." (Id.)
This Court agrees and specifically notes that the instruction to the jury relating to
continuous sexual abuse of a child reflects that the jury need find only that over at
least a three month period, a defendant engaged in three or more acts of substantial
sexual conduct or three or more acts of lewd or lascivious conduct (CT at 362).
The verdict form itself only reflects that the conduct occurred between January 1,
1994, and June 1, 1994 (id. at 407), it gives no indication that the jury found that
during that period that the "crimes that occurred . . . were numerous way beyond
what would be required for 288.5." (See Answer Ex. B at 121.) The trial court's
other reasons are equally speculative.

---

   [8]   The Court notes that the instruction to the jury relating to continuous
sexual abuse of a child reflects that the jury need find only that over at least a three
month period, a defendant engaged in three or more acts of substantial sexual
conduct or three or more acts of lewd or lascivious conduct (CT at 362). The
verdict form itself only reflects that the conduct occurred between January 1,
1994, and June 1, 1994 (id. at 407), it gives no indication that the jury found that
during that period that the "crimes that occurred . . . were numerous way beyond
what would be required for 288.5."

11

Thus, it is unclear to this Court whether the judge's imposition of the upper term sentence, based on the stated aggravating reasons, may be in conflict with the Supreme Court's holding in Cunningham and/or the state supreme court's holding in Black II. Principles of comity suggest that the California courts should have the opportunity to address this conflict. Thus, since Petitioner's Blakely/Apprendi claim currently stands as unexhausted in light of Cunningham, it is appropriate to require further exhaustion.

Since the Supreme Court in Cunningham (unlike Apprendi and Blakely) expressly overruled California state law as set forth in Black I, Petitioner still may be able to present his newly unexhausted claim to the California Supreme Court. See In re Consiglio, 128 Cal. App. 4th 511 (2005) (entertaining Blakely claim on habeas corpus, although deeming Blakely non-retroactive); see generally In re Harris, 5 Cal. 4th 813, 825 (1993) ("Habeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotation marks omitted); Mendez v. Superior Court, 87 Cal. App. 4th 791, 799 (2001) (claim that conviction was obtained in violation of fundamental constitutional rights may be raised by state habeas petition).[9]

This Court has discretion to stay a petition to give a petitioner time to exhaust state court claims. Blair, 340 F.2d at 745. As noted by the Ninth Circuit, where a state prisoner has not exhausted his state court remedies before applying for a federal writ of habeas corpus, the district court may usually either dismiss the

---

[9] The Court expresses no opinion concerning whether consideration of a state habeas petition might be foreclosed by the principles discussed in In re Clark, 5 Cal. 4th 750, 763-87 (1993). This is an issue for the California Supreme Court to evaluate in the first instance. Moreover, even if there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of Petitioner's claims. See, e.g., Park v. California, 202 F.3d 1146 (9th Cir. 2000).

1    application for that reason, or hold it in abeyance while affording the applicant a

2    reasonable opportunity to exhaust his state court remedies. Id. More importantly,

3    the court held that "[i]n view of the rather novel exhaustion-of-remedies issue

4    which is involved in this case, as discussed above, we believe the latter course is

5    preferable here." Id.

6         This Court believes the situation here involves as much of a "novel

7    exhaustion-of-remedies issue" as did the situation in Blair. The petitioner in Blair

8    filed his federal habeas petition because of and after a change in federal law (and

9    the court stayed his petition while he returned to state court to exhaust his claims).

10   Here, Petitioner filed the current Petition twenty-one days after the Black I

11   decision was issued, and his Blakely/Apprendi claim at that time was fully

12   exhausted. Then, as a result of Cunningham, the status of his Blakely/Apprendi

13   claim "flip-flopped" from exhausted to unexhausted due to circumstances well

     beyond his control.

14        Finally, this Court believes that the one-year AEDPA limitation period may

15   have run during the time the current Petition has been pending. A stay of the

16   current proceedings in order to allow Petitioner to exhaust this claim would

17   prevent any prejudice to Petitioner.[10]

18        Based on the foregoing, the Court finds that a stay of the current

19   proceedings is warranted.

20   / / /

21

22   _____

     [10] See, e.g., Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001) (the district

23   court erred when it dismissed the petition five months after the AEDPA statute of

24   limitation expired. "When external forces, rather than a petitioner's lack of

     diligence, account for the failure to file a timely claim, equitable tolling of the

25   statute of limitations may be appropriate.") (quoting Miles v. Prunty, 187 F.3d

26   1104, 1107 (9th Cir. 1999)); see also United States ex rel. Walker, 343 F.2d at 46-

27   47 (where new Supreme Court case shed new light on Petitioner's claim, the

     district court was ordered to hold petition in abeyance while petitioner returned to

28   state court to exhaust claims).

### III.

### <u>ORDER</u>

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  The current proceedings are hereby stayed pending exhaustion of Petitioner's <u>Blakely/Apprendi</u> claim in light of <u>Cunningham</u>.

2.  Petitioner shall further exhaust this claim in a habeas corpus petition filed in state court within thirty days of the date of this Order.

3.  If Petitioner chooses to file his habeas petition in a state court other than the California Supreme Court, and his habeas petition is denied by that lower court, Petitioner shall present his unexhausted claim in a habeas petition filed in the next higher state court within thirty days of the lower court's denial.

4.  Within ten days of the filing of his state habeas petition(s), Petitioner shall lodge a conformed copy of the petition with this Court. Within ten days of the issuance of any state court ruling on his state habeas petition(s), Petitioner shall lodge a copy of the ruling with this Court.

5.  Petitioner shall file a Status Report with the Court on the first day of each month, advising the Court on the status of the matter in the state court(s).

6.  Assuming Petitioner does not obtain habeas relief from the state courts, this matter will be held in abeyance until either (a) Petitioner lodges a copy of the California Supreme Court ruling on his habeas petition, or (b) Respondent advises the Court that the California Supreme Court has denied Petitioner's habeas petition, whichever occurs first. At that time, the Court shall issue an order re: further proceedings.

DATED: May 21, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge

14

# EXHIBIT COVER PAGE:

Exhibit: _II_

Description of this exhibit: *Second, and Current "STAY AND ABEYANCE" as ORDERED by, THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA.*

Number of pages of this exhibit: _3_ pages

JURISDICTION:  (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

✓ State Supreme Court

_____ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 05-5057-ODW(OP)                  Date    June 8, 2009

Title:  George H. Gage v. George J. Guirbino

═══════════════════════════════════════════════════════════════════

PRESENT:  THE HONORABLE _____ OSWALD PARADA _____

☐  U.S. DISTRICT JUDGE

☒  MAGISTRATE JUDGE

____Maynor Galvez____        _____N/A_____              _____N/A_____
Deputy Clerk          Court Reporter / Recorder          Tape No.

ATTORNEYS PRESENT FOR PLAINTIFFS:              ATTORNEYS PRESENT FOR DEFENDANTS:
         NONE                                            NONE


PROCEEDINGS:    (IN CHAMBERS: STAY AND ABEYANCE)


On July 11, 2005, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  On January 3, 2006, Respondent filed an Answer to the Petition.  On April 5, 2006, Petitioner filed a Traverse to the Answer.  On May 21, 2008, the Court issued an order staying the current .proceedings pending Petitioner's exhaustion of his claim for relief pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) in light of Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).  On June 4, 2009, Petitioner filed a Status Report with the Court indicating that he had not yet received a decision from the California Supreme Court with regard to his habeas petition filed there.

The Court has conducted an independent review of the California Supreme Court's website and has learned that the court denied Petitioner's habeas petition on December 23, 2008, "without prejudice to any relief to which petitioner might be entitled after this court decides In re Gomez, S155425:  whether a habeas corpus petitioner whose conviction became final

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 05-5057-CAS(OP)          Date  June 8, 2009

Title: George H. Gage v. George J. Guirbino

Page 2

after Blakely v. Washington (2004) 542 U.S. 296 but before Cunningham v. California (2007) 549 U.S. 270 is entitled to the benefit of the high court's decision in Blakely." (Official Records of California Courts.[1]) The Court has further learned that on February 2, 2009, the state supreme court issued its decision in In re Gomez and held that "the rule of Cunningham v. California applies on collateral review of a judgment that became final before Cunningham was decided but after Blakely v. Washington was decided. In re Gomez, 45 Cal.4th 650, 660 (2009). Since the state supreme court denied Petitioner's habeas petition without prejudice pending the outcome of In re Gomez, and the court has issued its decision in In re Gomez, it appears that no impediment exists for Petitioner to return to the state courts to exhaust his Blakely/Cunningham claim.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The current proceedings are further stayed pending exhaustion of Petitioner's Blakely claim in light of Cunningham.

2. Petitioner shall further exhaust this claim in a habeas corpus petition filed in state court within thirty days of the date of this Order.

3. If Petitioner chooses to file his habeas petition in a state court other than the California Supreme Court, and his habeas petition is denied by that lower court, Petitioner shall present his unexhausted claim in a habeas petition filed in the next higher state court within thirty days of the lower court's denial.

4. Within ten days of the filing of his state habeas petition(s), Petitioner shall lodge a conformed copy of the petition with this Court. Within ten days of the issuance of any state court ruling on his state habeas petition(s), Petitioner shall lodge a copy of the ruling with this Court.

5. Petitioner shall file a Status Report with the Court on the first day of each month, advising the Court on the status of the matter in the state court(s).

_____

[1] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases. courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 05-5057-CAS(OP)              Date   June 8, 2009

Title:  George H. Gage v. George J. Guirbino

Page 3

6.  Assuming Petitioner does not obtain habeas relief from the state
    courts, this matter will be held in abeyance until either (a)
    Petitioner lodges a copy of the California Supreme Court ruling
    on his habeas petition, or (b) Respondent advises the Court that
    the California Supreme Court has denied Petitioner's habeas
    petition, whichever occurs first.  At that time, the Court shall
    issue an order re: further proceedings.

IT IS SO ORDERED.

cc:  All parties of Record

Initials of Deputy Clerk: jh-relief

CV-90 (10/98)
CIVIL  MINUTES   —    GENERAL