1  EDMUND G. BROWN JR.
   Attorney General of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  PAMELA C. HAMANAKA
   Senior Assistant Attorney General
4  LAWRENCE M. DANIELS
   Supervising Deputy Attorney General
5  E. CARLOS DOMINGUEZ
   Deputy Attorney General
6  State Bar No. 241097
    300 South Spring Street, Suite 1702
7   Los Angeles, CA  90013
    Telephone:  (213) 897-2413
8   Fax:  (213) 897-6496
    E-mail:  DocketingLAAWT@doj.ca.gov
9  *Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE H. GAGE,** | CV 05-05057-CAS (OP) |
| Petitioner, | **SUPPLEMENTAL ANSWER** |
| v. | The Honorable Oswald Parada United States Magistrate Judge |
| **GEORGE J. GUIRBINO,** | |
| Respondent. | |

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities ................................................................. 2

Procedural Background ......................................................................................... 2

Argument ............................................................................................................... 3

    I.     This court should reject petitioner's Sixth Amendment challenge to his upper term sentence ............................................................. 3

          A.     Relevant factual and procedural background ............................ 3

          B.     The *Cunningham* Decision .......................................................... 5

          C.     Any error was harmless ................................................................ 6

    II.    Under *Oregon v. Ice*, this court should reject petitioner's Sixth Amendment claim regarding his consecutive sentences ...................... 8

Conclusion ............................................................................................................. 9

# TABLE OF AUTHORITIES

Page

CASES

*Apprendi v. New Jersey*
　530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ............................ 5, 6, 7

*Bains v. Cambra*
　204 F.3d 964 (9th Cir. 2000) ........................................................................... 7

*Blakely v. Washington*
　542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) ....................... 3, 4, 5, 6

*Brecht v. Abrahamson*
　507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) ................................. 7

*Butler v. Curry* 528 F.3d at 624 (2008) ................................................................ 7

*Chapman v. California*
　386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967) ..................................... 4, 6

*Cunningham v. California*
　549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 586 (2007) ....................... 3, 5, 6, 7

*Fry v. Pliler*
　127 S. Ct. 2321, 168 L. Ed. 2d 16 (2007) ......................................................... 7

*In re Gomez*
　45 Cal. 4th 650, 88 Cal. Rptr. 3d 177 (2009) .................................................... 3

*Larson v. Palmateer*
　515 F.3d 1057 (9th Cir. 2008) ........................................................................... 7

*Neder v. United States*
　527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999) .................................. 6, 7

*Oregon v. Ice*
　555 US __, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009) ..................................... 8

*People v. Black*
　35 Cal. 4th 1238, 113 P.3d 534 (2005) .......................................................... 5, 6

# TABLE OF AUTHORITIES
## (continued)

Page

*People v. Sandoval*
   41 Cal. 4th 825, 62 Cal. Rptr. 3d 588 (2007) ........................................................ 7

*People v. Watson*
   46 Cal. 2d 818, 299 P.2d 243 (1956) .................................................................... 7

*United States v. Booker*
   543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) ................................. 5, 6

*Washington v. Recuenco*
   548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) ................................... 6

STATUTES

Cal. Penal Code § 261(a)(2) ...................................................................................... 2

Cal. Penal Code § 288, subd. (b)(1) .......................................................................... 2

Cal. Penal Code, § 288.5 ........................................................................................... 2

Cal. Penal Code § 288(a) ........................................................................................... 2

Cal. Penal Code § 654 ............................................................................................... 4

Cal. Penal Code § 667.6(d) ....................................................................................... 4

Cal. Penal Code § 1170(b) ........................................................................................ 5

CONSTITUTIONAL PROVISIONS

U.S. Const. amend VI ........................................................................................... 3, 8

U.S. Const. amend XIV ............................................................................................ 5

COURT RULES

Cal. R. Ct. 4.405-4.452 ............................................................................................. 6

1    Pursuant to this Court's Order dated January 22, 2010, Respondent files a
2 Supplemental Answer to the Petition for Writ of Habeas Corpus.  This
3 Supplemental Answer is based on the pleadings and files in this case, the attached
4 Memorandum of Points and Authorities, and the records previously lodged in this
5 case.
6    WHEREFORE, Respondent prays that the Petition be denied.

Dated:  June 22, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
LAWRENCE M. DANIELS
Supervising Deputy Attorney General


*/s/  E. Carlos Dominguez*
E. CARLOS DOMINGUEZ
Deputy Attorney General
*Attorneys for Respondent*

LA2005502145
50663816.doc

# MEMORANDUM OF POINTS AND AUTHORITIES
## PROCEDURAL BACKGROUND

On March 2, 2000, in Los Angeles County Superior Court case number B168825, a jury found Petitioner guilty of one count of continuous sexual abuse (Cal. Penal Code, § 288.5), nine counts of forcible rape (Cal. Penal Code, § 261(a)(2), and nine counts of lewd acts against a child (Cal. Penal Code, § 288(a)). On May 30, 2002, the trial court sentenced Petitioner to state prison for seventy years.

On April 7, 2004, and July 29, 2004, Petitioner filed an appeal and a supplemental appeal. On December 6, 2004, the California Court of Appeal modified the judgment, ordering that the abstract of judgment be corrected to reflect that, in counts VI through X, Petitioner was convicted of section 261, subdivisions (a)(2) (rape), not section 288, subdivision (b)(1) (lewd acts). As modified, the judgment was affirmed in all other respects.

On January 26, 2005, Petitioner filed a petition for review with the California Supreme Court, which denied review on February 16, 2005.

On April 16, 2005, Petitioner filed a habeas petition with the Los Angeles Superior Court. On May 18, 2005, the Los Angeles Superior Court denied the petition.

On May 28, 2005, Petitioner filed a habeas petition with the California Court of Appeal. On June 15, 2005, the California Court of Appeal denied the petition.

On June 25, 2005, Petitioner filed a habeas petition with the California Supreme Court. On May 11, 2005, the California Supreme Court denied the petition.

On November 10, 2005, the Los Angeles Superior Court issued a corrected abstract of judgment.

1   On July 11, 2005, the instant Petition was filed.  On January 3, 2006, Respondent filed an Answer to the Petition.  On April 5, 2006, Petitioner filed a Traverse to the Answer.

On May 21, 2008, the Court issued an order staying the current proceedings pending Petitioner's exhaustion of his claim for relief pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), in light of *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 586 (2007).

On June 6, 2009, the Court granted Petitioner thirty days in which to file a habeas petition in the California Supreme Court after learning of that court's ruling in *In re Gomez*, 45 Cal. 4th 650, 660, 88 Cal. Rptr. 3d 177 (2009).

On August 10, 2009, Petitioner filed a copy of his recently filed habeas petition in the state supreme court, case number S175327, which was denied on January 13, 2010.

On January 22, 2010, based on the foregoing, the previously imposed stay was lifted and Respondent was ordered to file a Supplemental Answer addressing only Petitioner's newly exhausted *Cunningham* claim.

## ARGUMENT

**I.   THIS COURT SHOULD REJECT PETITIONER'S SIXTH AMENDMENT CHALLENGE TO HIS UPPER TERM SENTENCE**

Petitioner contends that, under *Cunningham v. California*, 549 U.S. 270, the trial court prejudicially violated his right to jury trial by imposing an upper term based on facts that were neither found by the jury nor admitted by Petitioner.  (Pet. at 6.)  Respondent disagrees because any error by the trial court was harmless.

**A.   Relevant Factual and Procedural Background**

At sentencing, the trial court selected the upper term of sixteen years for continuous sexual conduct upon finding that it extended well over the minimum time required under the statute, i.e. a minimum three-month duration, and three acts of "substantial sexual conduct."  Petitioner's case culminated in hundreds of

1  offenses and the nineteen counts encompassed at least nine consecutive months.
2  (CT at 407-25.) Further, another aggravating factor was that Petitioner held a
3  "position of trust" with the victim, as a stepfather. Additionally, the trial court
4  recalled that the victim was particularly "vulnerable in that [Petitioner] sought her
5  out when there were no others . . . [to] protect her from [Petitioner]." (RT at 6902-
6  03.) The trial court selected the mid-term of six years on all the other counts. (RT
7  at 6904.)
8       As to the use of consecutive terms, the court imposed eight consecutive terms
9  for the eight rape convictions in counts II through IX. (RT at 6903.) The court
10 noted that, because the rape counts were on nine separate occasions, consecutive
11 sentences were mandated under California Penal Code section 667.6(d). (RT 6903-
12 04.) Finally, the court stayed imposition of sentence on counts XI through XIX
13 pursuant California Penal Code section 654. (RT 6904.)
14      The California Court of Appeal rejected both the upper term and consecutive
15 term claims of a violation of Petitioner's right to trial under *Blakely v. Washington*,
16 542 U.S. 296. Initially, the appellate court concluded that Petitioner waived those
17 claims because he did not object on either basis at trial. (Ex. B at 11-12.) Morever,
18 the court of appeal recalled that although the three factors in aggravation at trial
19 "are not specifically reflected in the jury's verdict, it is undisputed that [Petitioner]
20 is Marian's stepfather and thus held a position of trust, and that the offenses
21 occurred when Marian was 12 and 13 years old and was, as a child on the cusp of
22 adolescent, particularly vulnerable. We thus see no possibility that appellant would
23 receive a more favorable sentence if this matter were remanded for a new
24 sentencing hearing. [citing *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17
25 L. Ed. 2d 705 (1967)]." (Ex. B at 13.)
26      The California Court of Appeal also found that the imposition of consecutive
27 sentences did not violate *Blakely*, because under California Penal Code section
28 667.6(d), the crimes were committed on different dates, and thus "consecutive

1 sentences were required." (Ex. B at 13.) Accordingly, consistent with *Blakely*, no
2 defendant has a right to concurrent sentences for crimes committed on different
3 dates. (Ex. B at 14.)

4     The California Supreme Court denied Petitioner's petition for review,
5 indicating the pendency of *People v. Black*, S126182, and *People v. Towne*,
6 S125677, as they reflected upon the *Blakely* holding.

7     After briefing was completed in this case, the Court issued an order staying the
8 current proceedings pending Petitioner's exhaustion of his claim for relief pursuant
9 to *Blakely* in light of *Cunningham v. California*, 549 U.S. 270.

10     Once Petitioner exhausted his claim in the California Supreme Court, this
11 Court lifted the previously imposed stay and ordered Respondent to file a
12 Supplemental Answer addressing Petitioner's newly exhausted *Cunningham* claim.

13     **B.   The *Cunningham* Decision**

14     In *Cunningham*, the United States Supreme Court held that California's
15 procedure for selecting upper terms violated the defendant's Sixth and Fourteenth
16 Amendment right to jury trial because it "assigns to the trial judge, not to the jury,
17 authority to find the facts that expose a defendant to an elevated 'upper term'
18 sentence." *Cunningham*, 549 U.S. at 274. The Court explained that "the Federal
19 Constitution's jury trial guarantee proscribes a sentencing scheme that allows a
20 judge to impose a sentence above the statutory maximum based on a fact, other than
21 a prior conviction, not found by a jury or admitted by the defendant." *Id*. at 274-75
22 (*citing*, inter alia, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.
23 Ed. 2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, and *United States v.*
24 *Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)). The Court found
25 that because former California Penal Code section 1170(b), and the implementing
26 California Rules of Court,[1] allowed for imposing an upper term only by a fact that a

---

27     [1] In response to *Cunningham*, the Legislature passed a bill amending California Penal Code section 1170(b), which the Governor signed as urgency legislation on March 30, 2007. *See*
28     (continued…)

5

judge finds by a preponderance of the evidence, the jury trial and reasonable doubt requirements of due process were missing in California's Determinate Sentencing Law ("DSL") system. *Cunningham*, 549 U.S. at 288-89. In reaching this decision, the high court rejected *People v. Black*, 35 Cal. 4th 1238, 1255-56, 1261, 113 P.3d 534 (2005) (*Black I*), the California Supreme Court's decision holding that California's upper term procedure was constitutional under *Apprendi*, *Blakely*, and *Booker*. *Cunningham*, 549 U.S. at 289-93.

### C. Any Error Was Harmless

Here it does not appear that, in imposing the upper term, the trial court relied on any fact relating to criminal history, or on any fact found by the jury or admitted by Petitioner. Nonetheless, any *Cunningham* error was harmless because it is reasonably probable that a jury would have found beyond a reasonable doubt at least one aggravating circumstance found by the trial court.

On direct appellate review, a *Blakely*-type error in failing to submit an aggravating factor to a jury is subject to harmless error analysis under the "beyond a reasonable doubt" standard of *Chapman v. California*, 386 U.S. 18. *Washington v. Recuenco*, 548 U.S. 212, 221-22 & n.4, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). Any error in the finding of an aggravating circumstance is harmless under this standard if the evidence at trial and sentencing consisted of overwhelming or uncontradicted evidence as to that circumstance. *See Neder v. United States*, 527 U.S. 1, 17, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999) (finding erroneous instruction omitting element of the offense harmless "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence"), *cited with approval in Washington v. Recuenco*, 548

---

(…continued)
Cal. Stats., ch. 3, § 2, eff. Mar. 30, 2007. In response to this legislation, the California Judicial Council amended the California Rules of Court on May 23, 2007. *See* Cal. R. Ct. 4.405-4.452, *as amended* May 23, 2007.

U.S. at 221 (describing *Neder* inquiry as "asking whether the jury would have returned the same verdict absent the error").

On federal habeas review, however, "a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)." *Fry v. Pliler*, 127 S. Ct. 2321, 2328, 168 L. Ed. 2d 16 (2007). Under this standard, an error is harmless if it does not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637 (internal quotation marks and citation omitted). "Review for harmless error under *Brecht* is 'more forgiving' to state court errors than the harmless error standard the Supreme Court applies on its direct review of state court convictions." *Larson v. Palmateer*, 515 F.3d 1057, 1064 (9th Cir. 2008).

Applying this precedent to *Cunningham* error, the Ninth Circuit in *Butler* explained that habeas relief is appropriate only if the district court is "in 'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler v. Curry* 528 F.3d at 624 (9th Circuit 2008); *see also Bains v. Cambra*, 204 F.3d 964, 971 n.2 (9th Cir. 2000) (habeas relief is unwarranted unless "'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error'") (*quoting People v. Watson*, 46 Cal. 2d 818, 299 P.2d 243 (1956)). Thus, since a single aggravating circumstance is sufficient to authorize the imposition of the upper term sentence, *Cunningham* error is harmless if the federal habeas court has no grave doubt that the jury would have found at least one aggravating circumstance true beyond a reasonable doubt. *See Butler*, 528 F.3d at 648 ("Any *Apprendi* error therefore will be harmless if it is not prejudicial as to just one of the aggravating factors at issue."); *People v. Sandoval*, 41 Cal. 4th 825, 839, 62 Cal. Rptr. 3d 588 (2007) (if a jury finding would have been made on "at least a single aggravating

7

circumstance," then the *Cunningham* error is harmless because "the jury's verdict would have authorized the upper term sentence").

Here, any error was harmless since the two aggravating factors, the victim's age and vulnerability, and Petitioner's position of trust, were not subject to dispute. It was undisputed that Petitioner was the victim's stepfather and thus held a position of trust. Moreover, as the California Court of Appeal noted, "the offenses occurred when the victim was twelve to thirteen years old and was, as a child on the cusp of [adolescence], particularly vulnerable." (RT 7000-01, 7242-44, 7561, 7633; *see also* Ex. B at 13.) Thus, it is reasonably probable that the jury would have found all of these aggravating factors true if they had been asked to render a verdict on them. In turn, the upper term would have been authorized based on any of these factors. Accordingly, this Court should reject Petitioner's claim.

## II. UNDER *OREGON V. ICE*, THIS COURT SHOULD REJECT PETITIONER'S SIXTH AMENDMENT CLAIM REGARDING HIS CONSECUTIVE SENTENCES

Petitioner also claims that the trial court violated his Sixth Amendment right to jury trial by imposing consecutive sentences based on facts that were neither found by the jury nor admitted by Petitioner. (Pet. at 6.) The Supreme Court recently held, however, that the right to jury trial does not attach to a trial court's decision whether to impose consecutive sentences. *Oregon v. Ice*, 555 US __, 129 S. Ct. 711, 714-15, 172 L. Ed. 2d 517 (2009). Thus, the state court reasonably rejected Petitioner's claim. (*See* Ex. B at 13-14.) Accordingly, this Court should deny habeas relief.

# CONCLUSION

Based on the foregoing arguments and authorities, and those set forth in the Answer, the Petition should be dismissed with prejudice.

Dated:  June 22, 2010

EDMUND G. BROWN JR.
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
LAWRENCE M. DANIELS
Supervising Deputy Attorney General


*/s/ E. Carlos Dominguez*
E. CARLOS DOMINGUEZ
Deputy Attorney General
*Attorneys for Respondent*

9

# CERTIFICATE OF SERVICE

Case Name: *George H. Gage v. Stuart J. Ryan*   No. CV 05-05057-CAS (OP)

I hereby certify that on June 22, 2010, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## SUPPLEMENTAL ANSWER

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On June 22, 2010, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**George H. Gage**
**T-57938**
**Calipatria State Prison**
**B1-203-L**
**P.O. Box 5002**
**Calipatria, CA 92233-5001**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 22, 2010, at Los Angeles, California.

| J.R. Familo | [signature] |
|---|---|
| Declarant | Signature |

50671122.doc