George H. Gage
T-57938, S-BA-128
Folsom State Prison
P.O. Box 715071
Represa, CA. 95671

**ORIGINAL**

FILED
CLERK, U.S. DISTRICT COURT
AUG 23 2010
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

George H. Gage,
   Petitioner,

V.

George J. Guirbino,
   Respondent,

CASE NO:
CV-05-05057-CAS (OP)

PETITIONER'S SUPPLE-
MENTAL TRAVERS AND
OBJECTION TO THE
RESPONDENTS ANSWER.

Petitioner, George H. Gage, respectfully submits this Supplemental Traverse to Respondents Supplemental Answer to the Courts order. Petitioner objects to the Respondents Supplemental Answer, and further alleges as follows

## I
## CUSTODY

Petitioner admits that he is in the custody of the California Department of Corrections and Rehabilitation, pursuant to the Judgement of the Los Angeles Superior Court; however, said Judgement is unlawful and Petitioner is being held in violation of Federal law and the Constitution, of the United States.

1

## II.

## PROCEDURAL ISSUES

ARGUMENT, I, (A.B.C) AND ARGUMENT II, OF Respondents ANSWER IS UNTRUE, AND; the Petitioner Should be granted Relief, having met all the Necessary Requirements as per 2254 cases. As Required by Federal Law.

## III.

## DENIAL

Petitioner specifically denies Respondent's Claims that Petitioner is not entitled to Relief pursuant to 28 U.S.C. 2254(d). Petitioner is entitled to habeas Corpus Relief because; (1) Petitioner's Constitutional Rights were violated when the trial court choose to give him the upper term on his charges instead of allowing this to be proved by a Jury beyond a Reasonable doubt, this did in fact cause the petitioner a great prejudice. (2) Petitioner further contends that Constitutional Rights were violated even further when he was given Consecutive charges though Respondent, cites "OREGON v. ICE", (2009), the Petitioners Rights were violated Nonetheless. A violation of one's SIXTH AMENDMENT Rights, is A violation and the Respondent can not unring that bell. The State Court's adjudications, of these claims was both contrary to, clearly established, Federal law, and was based on and unreasonable, determination of the facts within the meaning of 28 U.S.C. 2254(d)(2).

2

## IV.

## EVIDENTIARY HEARING

Petitioner request that at the least an evidentiary hearing would be granted if his petition is not, and asserts that his Cunningham claim is in fact valid and proves beyond a doubt that his constitutional rights under the Sixth Amendment were grossly violated.

## V.

## INCORPORATION

This Supplemental Traverse, is made upon the Petition and State and Federal Records previously filed, as well as the Points and Authorities filed herewith, all of which are incorporated herein.

## VI.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, it is the hope of the petitioner, that this court would grant, Petitioner's habeas corpus in regards to his Cunningham claim, order the present sentence vacated, and the Petitioner be remanded for resentencing.

Respectfully Submitted this 18th day of August, 2010

DATE: 08-18-10

George H. Gage
George H. Gage

3

MEMORANDUM OF POINTS AND AUTHORITIES

THE PETITIONER CONTENDS THAT, UNDER THE CUNNINGHAM v. CALIFORNIA, DECISION, THE TRIAL VIOLATES HIS CONSTITUTIONAL RIGTH'S.

Petitioner, contends that, under California v. Cunningham, (2007) 549 U.S. 270, the trial court prejudicially, violated his rights to Jury trial by imposing an upper term based on facts that were neither found by the jury, nor admitted by Petitioner, Further the Petitioner objects to the Respondent's logic and arguments (I, a.b.&C and II) in their entirety.

Citing, Cunningham v. California, 127 S. Ct 856 (2007) [1] As this Court's decision instruct, the Federal Constitution's Jury-trial guarantee proscribes a sentencing scheme that allows a Judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed. 2d 435 (2000); Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428, 153 L.Ed 2d 556 (2002); Blakely v. Washington, 542 U.S. 296; 124 S. Ct. 2531, 159 L.Ed. 2d 403 (2004); United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed 2d 621, (2005). "[T]he Relevant 'Statutory maximum,'" this court has clarified "is not the maximum sentence a Judge may

4

impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S., at 303-304, 124 S.Ct. 2531 (emphasis in original). In petitioner's case the jury's verdict alone limited the permissible sentence to 12 years. Additional factfinding by the trial judge, however, yielded an upper term sentence of 16 years. The California Court of Appeal affirmed the harsher sentence. We reverse that disposition because the four year elevation based on judicial factfinding denied petitioner his right to a jury trial.

In the present case, none of the aggravants relied upon by the trial court (e.g., vulnerable victim, violation of trust or number offenses.) To impose the upper term, for continuous sexual abuse conviction related to "the fact of prior conviction" (Apprendi, supra, 530 U.S. 488-490, Also see, Almendarez-Torres v. United States (1998) 523 U.S. 224, [118 S.Ct. 1219, 140 L.Ed. 2d 350] also Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed. 2d 856 (2007). Thus, under Apprendi, Blakely, Booker, and Cunningham. Petitioner had a constitutional right, under the Sixth Amendment, to a jury trial, subjecting such factors to the beyond-a-doubt standard of proof. Since none of the non-recidivist factors relied upon by the trial court were decided by the verdict or otherwise admitted by the petitioner, the trial court

5

herein exceeded its proper authority in aggravating Petitioner's sentence. Accordingly, Petitioners upper term of 16 years does not meet constitutional muster under the controlling decided laws of the United States Supreme Court and must be vacated.

So too must the additional punishments imposed by the imposition of consecutive sentences be reversed.

The Court found that consecutive sentences were required by Section 667.6(d) on grounds the offenses occured on seperat occasions. While the Section provides a statutory exception to the general rule of concurrent terms absent special findings and the jury returned verdicts on each seperate offense, the jury was not presented with the question of whether consecutive sentences should be imposed, and made no commensurate findings beyond a resonable doubt, because the statutes employed by the trial court to impose these enhanced sentences, was not presented to, or considered by a jury, the trial court had no authority, to impose either the upper term or consecutive sentences. Thus, the imposition of aggravated and consecutive, and consecutive sentences in this case violated the petitioners Constitutional Rights guarenteed him under the Sixth Amendment and his right to a jury trial. See, Blakely v. Washington (2004) 542 U.S. 296; Cunningham v. California (2007) 549 U.S. 270; and Butler v. Curry, (2008) 528 F.3d 624.

6

Petitioner's is also supported by California Supreme Courts decision in, IN, Re Gomez, (2009) 45 Cal.4th 650, 88 Cal. Rptr. 3d 177. It is the belief of the petitioner that in light of the cases cited within, this pro se petition that the only appropriate remedy would be to vacate his sentence and remand back to court for resentencing. As to the Respondent's sujestion that "any error was harmless" is out-right ridiculus, to say "any Cunningham error was harmless because it is "Reasonably probable" that a jury would have found beyond a reasonable doubt at least one aggravating circumstence found by the trial court." It is the belief of the petitioner, "who admits to being a "non-Lawyer"" that when the founding fathers drafted the United States Constitution that Reasonably Probale was "not" included in its language, when the petitioner's sentence was elevated to the maximum sentence and then to have all charges to be run concecutively, without ever being presented to the jury is anything but harmless error. See, Butler v. Curry, (2008) 528 F.3d 624

### Retroactivity

IN Cunningham, the supreme court addressed a sixth Amendment challenge to California's DSL. The petitioner in Cunningham was convicted of "continuous sexual abuse of a child under the age of 14." 127 S. Ct. at 860. That crime, like the crimes of which Butler was convicted, was

7

punishable under California law by a lower, middle or upper term. Id. Finding several aggravating factors the Judge imposed an upper term. Id. Observing that under Cal. Penal code 1170(b)(2005), the Judge was required to impose a middle term sentence unless he found one or more aggravating factors, the court held:

> In accord with Blakely... the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum. Because the circumstances in aggravation is found by the Judge, not the Jury, and need only be established by a preponderance of evidence, not beyond a reasonable doubt, the DSL violates Apprendi's brightline rule: Except for prior convictions, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

In the present case this did not happen,... the Judge decided on the aggravated factors, and the Judge and the Judge alone decided on the maximum sentence to run

8

consecutively. And this, based on my understanding is a violation of the petitioners Constitutional Rights guaranteed him under the <u>Sixth Amendment</u> and supported by clearly established federal law.

<u>THE PETITIONER ADAMANTLY OBJECTS TO THE RESPONDENTS CLAIM REGARDING HIS CONSECUTIVE SENTENCES</u>

<u>ACCORDING TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION [section 1.]</u>

In all criminal prosecutions, the accused shall enjoy the right to a speedy trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.
* proposed September 25, 1789; Ratified December 15, 1791 *

It is the petitioners understanding that this right is NOT something to be ignored, however, the Respondent attempts to apply <u>OREGON v. ICE</u>, (2009), 172 L.Ed 2d 517. to a matter which took place in May of 2002, without proof of Retroactivity. The Petitioner hopes that the

9

Court finds this issue, without merits. And reject the arguments of the respondent.

By virtue of the decisions in <u>Blakely, Cunningham, Apprendi,</u> and <u>In Re, Gomez</u>. The United States Supreme Court and the United States Court of Appeals has invaladated the California Sentencing scheme governing imposition of the upper term and imposition of consecutive sentences. The Sentence of the Petitioner suffers from the defects identified in <u>Apprendi, Blakely, Cunningham, Butler v. Curry</u> and most recent <u>In Re, Gomez.</u>

It is the belief of the petitioner that he has proven that his constitutional rights under the <u>Sixth and Fourteenth Amendments</u> has in fact been violated, and the only appropriate remedy is to vacate this sentence and remand to court for resentencing.

Respectfully Submitted this 18th day of August, 2010

George H. Gage
George H. Gage

AUGUST 18, 2010

## CONCLUSION

The Petitioner believes he has adequately addressed the issues presented by the Respondent, And Reiterate's his earlier contention previously filed in all other documents before the court. The petitioner categorically object and oppose all claims and allegations filed by the Respondents, and asks the court to grant his petition in it entirety.

## PRAYER

The Petitioner, Prays that the Honorable court in its wisdom and fairness, and after a complete and through Review of Petitioners Supplemental-Travers, Vacate his Sentence and Remand for Re-Sentencing which is in compliance with Cunningham.

Respectfully Submitted this 18th day of August 2010

DATE: AUGUST 18, 2010       George H. Gage
                            George H. Gage

11

## VERIFICATION
(C.C.P. 466; 2015.5; 28 U.S.C. 1746.)

I, George H. Gage, declare that I am the petitioner in the above entitled matter, and that I am over the age of (18) years old.

Executed this 18th day of August 2010.

Date: 8-18-2010

*/s/ George H. Gage*
George H. Gage

## DECLARATION OF SERVICE BY MAIL
(C.C.P. 1013(a); 2015.5; 28 U.S.C. 1746.)

I, George H. Gage, declare that on the 18th day of August 2010, these documents was turned over to correctional staff for inspection, sealing and mailing to:

| | |
|---|---|
| U.S. District Court, | Dept. of Justice |
| Central District of California | Office of the Attorney Gen. |
| 312 N. Spring St. | 306 S. Spring St. |
| L.A., CA. 90012 | L.A., CA. 90013 |

Respectfully Submitted;

August 18th 2010.

*/s/ George H. Gage*
George H. Gage

12

Case 2:05-cv-05057-ODW-OP   Document 74   Filed 08/23/10   Page 13 of 13   Page ID #:192

