# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT

FEB 2 2 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  WRIGHT

From: M. GALVEZ _____, Deputy Clerk     Date Received: 2/14/11

Case No.: CV05-5057-ODW(OP)      Case Title: George Gage v. Stuart Ryan

Document Entitled: Request for a Certificate of Appealability

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 11-3.1    Document not legible
☐ Local Rule 11-3.8    Lacking name, address, phone, facsimile numbers and email address
☑ Local Rule 11-4.1    No copy provided for judge
☐ Local Rule 19-1      Complaint/Petition includes more than ten (10) Does or fictitiously named parties
☐ Local Rule 15-1      Proposed amended pleading not under separate cover
☐ Local Rule 11-6      Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8      Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 7.1-1     No Certification of Interested Parties and/or no copies
☐ Local Rule 6.1       Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 56-1      Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2      Statement of genuine disputes of material fact lacking
☐ Local Rule 7-19.1    Notice to other parties of ex parte application lacking
☐ Local Rule 16-7      Pretrial conference order not signed by all counsel
☐ FRCvP Rule 5(d)      No proof of service attached to document(s)
☐ General Order 08-02  Case is designated for electronic filing
☑ Other: 1. Pleading is addressed to Ninth Circuit Court of Appeals (Ninth Circuit has forwarded to U.S. District Court).
         2. Proof of service does not reflect service on CA Attorney General. 3. COA previously denied by docket no. 79.

**Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____                    _____
Date                               U.S. District Judge / U.S. Magistrate Judge

☑ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

02-22-2011                         _____
Date                               U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

COPY 1 -ORIGINAL-OFFICE     COPY 2 -JUDGE     COPY 3 -SIGNED & RETURNED TO FILER     COPY 4 -FILER RECEIPT

T-57938, 5-BA-128
FOLSOM STATE PRISON
P.O. BOX 715071
REPRESA, Ca. 95671

ORIGINAL

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 10 2011

FILED _____
DOCKETED _____
DATE _____ INITIAL _____

UNITED  STATES  COURT  OF  APPEALS

FOR  THE  NINTH  CIRCUIT

| | |
|---|---|
| George H. Gage,<br><br>Petitioner-Appellant,<br><br><br>v.<br><br><br><br>George J. Giurbino,<br><br>Respondent-Appellee, | CASE NO;<br><br><br>Dist. Ct. NO;<br>CV.05-5057-ODW (OP).<br>REQUEST FOR A<br>CERTIFICATE OF<br>APPEALABILITY. |

To the Honorable Justices of The United States
Court of Appeals for the Ninth Circuit.

The Petitioner-Appellant, Respectfully Request the
issuance of a certificate of Appealability by this court
following the denial of Certification by the United States
District court for the Central District of California.

This motion is brought pursuant to Fed. R. App. P. 22.

Petitioner-Appellant, Respectfully Request a Certificate
of Appealability pursuant to 28 U.S.C. § 2253 on the
following claims.

GROUND, I: THE TRIAL COURT PREJUDICIALLY ERRED IN FAILING TO GIVE A UNANIMITY INSTRUCTION.

GROUND II: THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CONVICTIONS FOR RAPE IN COUNTS II thru X.

GROUND, III: COUNTS VI THRU X, of the Abstract of Judgement must be Amended to CONFORM TO THE Judgement.

GROUND IV: PETITIONER-APPELLANT, WAS DENIED HIS FEDERAL CONSTITUTIONAL RIGHT TO A JURY TRIAL, TRIAL COURT ACTED IN ACCESS OF ITS JURISDICTION WHEN IT SENTENCED PETITIONER-APPELLANT, TO THE UPPER TERM AND CONSECUTIVE TERMS BASED ON FACTS BEYOND THOSE FOUND TRUE BY A JURY.

This motion is based upon the points and authorities set forth herein and the Record in this matter before the District Court.

STATEMENT OF THE CASE AND JURISDICTION.

A 10 count information Filed February 16, 1999, charged Petitioner-appellant with continued sexual abuse Pen. Code, 288.5, subd. (a); P.C. 261, subd. (a)(2); counts II-V; and P.C. 288, subd (b)(1); Counts VI-X. Trial by Jury commenced In limine, the people amended the information to allege

2

four additional counts of forcible Rape, P.C. 261 subd. (a)(2)) in lieu of the forcible lewd act counts. The amendment also added nine additional counts under P.C. 288 subd. (a).) The effect of the amendment was to charge Petitioner-Appellant, with Rape in counts II thru X and lewd acts in counts XI thru IX. Thereafter, the matter Resulted in a mistrial when Jury declared itself hopelessly deadlocked (Supp. CT 264-265.) Retrial commenced February 14, 2000. (Supp. CT, 306.) Following 10 trial days and almost a day and a half of deliberations, Petitioner-Appellant, was found guilty as charged. (Supp. CT. 407 - 430.)

ON November 27, 2000, after numerous continuances and a change in defense counsel, a new trial was granted. (Supp. Ct. 467.) ON December 27, 2000, the people filed a notice of appeal from the order granting a new trial. (Supp. CT. 484-485.) Via opinion dated November 14, 2001, the court of Appeal (case No. B147219) Reversed the new trial order and Remanded the matter to the Superior court. (Supp. CT. [Jan. 14, 2004] 24.) By Remittitur March 8, 2002, the decision became final. (Supp. CT. [Jan. 14, 2004] 9,28.) ON May 30, 2002, after the court vacated the prior order granting a new trial, Judgement and Sentence was imposed. Probation was denied, and Petitioner-Appellant was committed, to the Department of Corrections for the aggregate, term of 70 years.

ON July 11, 2002, Petitioner-Appellant, filed an application for a certificate of probable cause to appeal his conviction.

3

The application was denied. (CT 23-24; Supp. CT 42-45.) On September 9, 2003, a Notice of appeal was filed and deemed timely after Relief from default was granted. (CT. 28-29; Supp. CT. 49-50.) After the April 8, 2004, filing of Petitioner-Appellant's, opening breif, the United States Supreme Court issued its opinion in Blakely v. Washington, the Petitioner-Appellant, then filed A supplemental opening breif, since Blakely v. Washington, effectively invalidated a significient portion of California's determinate Sentencing Scheme. On August 18, 2004, Pursuant to Rule 28(b) of the California Rules of Court, Petitioner-Appellant filed a Petition for Review to the June 18, and July 22, 2004, orders of the California Court of Appeals, Second Appellant, district, denying Petitioner-Appellant, access to psychotherapy Records, which is A Blatant Brady violation. After Properly exhausting all State Remedies, on July 11, 2005, the Petitioner-Appellant filed his Federal Habeas Corpus which was deemed timely, on January 3, 2006, Respondent filed an Answer to the Petition. On April 5, 2006, the Petitioner-Appellant, filed A Traverse to the Answer. On Two Seperate occasion, once in 2008 and again in 2009, the Petitioner-Appellants, Petition was Placed in Abeyance by order of the U.S. District Court, for the Central District of California, Pending exhaustion of Cunningham claim. Petitioner-Appellant, Petition was denied with Prejudice, after the Filing of his Supplemental Traverse, on December 29, 2010, the Petition, objection to Report and Recommendation, and Petitioners-

Appellants, Request for a Certificate of Appealability (C.O.A.) were denied by the Honorable OTIS D. WRIGHT, II, U.S. District Judge. The Court Transmitted said documents by mail January 12, 2011.

## POINTS AND AUTHORITIES

The Certificate of Appealability must be granted if Petitioner make a "substantial showing of the denial of a constitutional Right." 28 U.S.C. § 2253 (c)(2); See also, Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed 2d 1090 (1983).

This showing is made when petitioner demonstrates that "Reasonable Jurists could debate whether (or, for that matter, agree that) the petition should have been Resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In other words, Petitioner must demonstrate that Reasonable Jurists would find the district courts assessment of the constitutional claims debatable or wrong." Id. at 484; See also, Shackleford v. Hubbard, 234 F.3d 1072 (9th cir. 2000). "[T]he showing a petitioner must make to be heard on appeal is less than that to obtain Relief." Lambright v. Stewart, 220 F.3d 1022, 1025 Fn. 2 (9th cir. 2000). This "threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute Forbids it." Miller-El v.

Cockrell, 537 U.S. 322, 336, 123 S. Ct 1029, 154 L.Ed 2d 932. (2003)
Petitioner is entitled to be heard on appeal Simply by
Showing that other Courts have Reached differing Views,
even if in Conflict with Ninth Circuit Precedent.
Lambright V. Stewart, Supra, 220 F.3d at 1025-1026.
Furthermore, any doubts as to whether petitioner is entitled
to be heard on appeal must be Resolved in favor of issuing
the Certificate of Appealability. Id.

DATE: 02-08-2011                    George H. Gage
                                    GEORGE H. Gage,
                                    Pro Per.

## GROUND, I.

## THE TRIAL COURT PREJUDICIALLY ERRED IN FAILING TO GIVE A UNANIMITY INSTRUCTION.

Counts II, through X, each charged Petitioner-Appellant, with forcible rape, occurring on or about the first of every month from July 1994 through March 1995. (Supp. CT. 93-98.) Each of Counts XI through XIX charged Petitioner with a lewd act upon a child, occurring on or about the first of every month, from July 1994, through March 1995. (Supp. CT. 99-103.) The Relevant time period for these offenses was after Marion finished the sixth grade at antelope valley Christian school, the alleged abuse occurred twice a week, (RT 1216). This alleged pattern of abuse supposedly continued when Marion was Removed from school approximately one month Later, and was home schooled by her mother. At that time the alleged abuse may have occurred three to four times a week, but not more than once a day. (RT. 1216-1217.) Based on the Evidence, the parties discussed the Need for the unanimity instruction (CAL. JIC. NO. 17.01) during the Jury instruction Conforence. (RT. 2805.)

THAT INSTRUCTION READS:

" The defendant is accused of having committed the crime of ———— ....

The Prosecution has introduced evidence for the purpose of showing that there is more than one [act]... upon which a conviction... may be based.

1

Defendant may be found guilty if
the proof shows beyond a reasonable
doubt that [he] committed any one,
or more of the acts... However, in
order to return a verdict of guilty...,
all jurors must agree that [he] comm
itted, the same [act]... Agreed upon
be stated in the verdict."

10  Although, the trial court appeared to have approved the
11  instruction (RT 2805-2806), it was marked Refused (CT-391)
12  and not given to the jury (RT. 3087-3114).

13

14  Petitioner contends that the trial court prejudicially erred
15  in failing to give a unanimity instruction. Petitioner-
16  Appellant, further contends the absence of the unanimity
17  instruction deprived petitioner-appellant, of his guaranteed
18  Constitutional Rights specifically the sixth and fourteenth
19  Amendments, Right to a fair and impartial jury trial
20  and Due Process. It is well settled that a jury verdict
21  in a criminal case must be unanimous; People v. Russo,
22  (2001) 25 cal. 4th 1124, 1132, citing People v. Collins, (1976)
23  17 cal. 3d 687, 693. An California Constitution Art. 1 § 16;
24  See also, People v. Jones, (1990) 51 cal. 3d 294, 321.) It is
25  equally well settled that the jury must agree unanimously
26  that a defendant is guilty of a specific crime. See,
27  (Russo, supra, at Pg. 1132, citing, People v. Diedrich,
28  (1982) 31 cal. 3d. 263, 281.)

2

To ensure that Jurors do so, courts impose the "Either/or" Rule: Either the prosecution must elect the specific act Relied upon to prove the charge, or a court must instruct a Jury to agree on the same criminal act where the evidence suggest more than one offense was committed. (Russo, supra, at pg. 1132; People v. Cummings, (1993) 4 Cal. 4th 1233, 1311; People v. Jones, supra, 51 Cal. 3d. at pg. 307; People v. Mechado, (1998) 60 Cal. App. 4th 1529, 1534.) For instance, a Jury must be given an unanimity instruction where a defendant is charged with one count of bribery, but the evidence shows discrete bribes two of them. (Russo, supra, at pg. 1132, citing, People v. Diedrich, supra, 31 Cal. 3d at 280-283; People v. Alvin, (1993) 14 Cal. App. 4th 1303, 1309.) Similarly a unanimity instruction is Required where the evidence shows two Residential burglaries at two different Residences, and only on burglary is charged. (Russo, supra, at pg. 1132-33.) In short, the unanimity instruction must be given "when conviction on a single count could be based on two or more discrete criminal events." Russo, supra, at pp. 1134-1135.) This unanimity instruction is necessary to prevent the Jury from "Amalgamting evidence of multiple offenses, not one of which has been proved beyond a Reasonable doubt, in order to conclude beyond a Reasonable doubt that a defendant have done something sufficient to convict on one count." (People v. Deletto (1983) 147 Cal. App. 3d 458, 472.)

Here, the evidence indicated more than one discrete crime occurred on or about the date charged in each counts II thru X and XI thru XIX, Marian could not remember which act occurred at which particular time or whether any particular act occurred on a given date. Although, Marian testified that various acts occurred between July 1994 thru 1995 of march. See (RT. 1216-1218.)

Given the generic evidence, more acts potentially occurred then were charged and the evidence made it impossible to tell which, if any act occurred at all. Hence, the Jurors were faced with numerous possibilities Rangeing from the occurrences of no discrete acts, at or about the charged time, to the occurrence of more than one discribed act, and anything in between. In other words "Reasonable Jurors could both accept and reject the occurrences of at least the same number of acts as there [were] charged crimes." (People v. Brown, (1996) 42 Cal. App. 4th 1493, 1500 quoting People v. Shultz, (1987) 192 Cal. App. 3d. 535, 539-540. In addition, the acceptance or rejection of acts means individual Jurors could have belived something happen at some time or a different act or acts occurred at the same time, thus provideing a basis for a guilty verdict but without unanimous agreement on the act which occurred. (People v. Deletto, supra, 147 Cal. App. 3d. at pg. 472) Hence, it was error to omit a unaninity instruction. Moreover, there can be no contention for the "either|or" rule does not apply because the acts alleged fall under

The continuous course of conduct exception. The exception arises where; (1, The acts were so closely connected that they form part of one and the same Transaction, or (2; when the Statute contemplates a continuous course of conduct or a series of acts over a period of time (People v. Witham (1995) 38 Cal. 4th at pg. 1309). The first potential exception arises where the acts are so closely related in time and place that the jurors must either accept or reject the victims testimony as a whole. (People v. Jenkins, (1994) 29 Cal. App. 4th 287, 299.) The second arises in cases such as Continuous Sexual abuse, where the statute, requires the commission of specified series of acts over a period of time (Witham, supra, at pg. 1296.)

Here, neither exception applies, the charged offenses were not under a statute contemplating a series of acts over a period of time. (People v. Witham, supra, 38 Cal. App. 4th at pg. 1295. The charges in Counts II thru XI X, namely section 288 subd. (a) and section 261 subd. (A)(2) involved specific individual acts. Each act not only was charged seperately but was seperately punishable (People v. Brown, supra, 42 Cal. App. 4th pg. 1501, FN 6° See also People v. Jones, supra, 51 Cal. 3d. 322.)

Furthermore, Marian stated only one act occurred on each occassion, and one or more days intervened between each act. (RT. 1216-1218.) Thus, the acts were not so closely connected that they formed one and the same Transaction (People v. Thompson, supra, 160 Cal. App. 3d. pg. 224.)

instead the acts were distinct, separate offenses. (See, People v. Maury, (2003) 30 Cal. 4th 342, 422.) Consequently, because the evidence created the possibility that the jury might convict by amalgamation of the evidence and without agreeing on a single discrete criminal act, the prosecution did not elect any act as the basis for conviction and absent any exception to the unanimity instruction. The failure to give the instruction constituted error herein. Any contention the error was waived by defense counsels failure to request or acquiesce in the trial courts failure to give the instruction is without merit. Since a jury verdict in a criminal case must be unanimous (People v. Russo, supra, 25 Cal. App. 4th pg. 1132)—a substantial-right—the failure to give the instruction may be reviewed even absent a request. (§ 1259; People v. Rodrigues (1994) 8 Cal. 4th 1060, 1192-93; People v. Baca, (1996) 48 Cal. App. 4th 1701, 1706.) However, should this court find a waiver, as to any aspect of the claim raised herein, Petitioner-Appellant, submits that this court has the power and authority to reach whatever aspect of the claim that may not have been preserved for review. (People v. Williams, (1998) 17 Cal. 4th 148, 161 Fn.6) Hence, under either approach the instructional error is subject to review. Nor may it be claimed, the error was harmless under the standard, articulated. See, (Chapman v. California, (1967) 386 U.S.23-24, 87 S. Ct. 824, 17 L.Ed. 2d. 705)(No prejudice beyond a reasonable doubt) or, People v. Watson (1956) 46 Cal. 2d 818, 836

Reasonable probability error affected the Result.) Since the Jury was not Required to decide unanimously which individual act was committed in violation of the statute at the alleged time, the prosecutions burden of proof was lassened because of the "shotgun" approach allowing individual Jurors to disagree on what acts Petitioner-Appellant committed and still find him guilty, moreover, even though Marian said Petitioner-Appellant, committed the various acts, any or all of her testimony could have been Rejected concerning the commission of any Particular act. (RT. 1216-1220.) The Jury could have believed that Petitioner-Appellant, had intercourse constituting Rape (§ 261, subd.(A) People v. Crow, (1994) 28 Cal. App. 4th 440, 447). But believed no other act occurred (RT 1234-35.) Thus, without the instruction the Jury could have convicted Petitioner-Appellant merely by amalgamating evidence without deciding which, if any of the acts have been proven beyond A Reasonable doubt that he was guilty. (People v. Deletto, supra, 147 Cal. App. 3d 472) such a verdict is anathema to A petitioners Right to A Fair trial and Due process, and it cannot be said the error was beyond a Reasonable doubt. See (Chapman v. California, supra, 386 U.S. 24) or, that a more Favorable Result as to one or more counts would not have been Reached in the absence of the error (People v. Watson, supra, 46 Cal. 2d. 836. Therefore, Petitioner-Appellant, Respectfully Request the Reversal of counts II thru - XIX.

GROUND, II.

THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE
CONVICTIONS FOR RAPE IN COUNTS II THRU X.

Petitioner-Appellant, contends that the evidence was insufficient, to establish the element of duress or force necessary to sustain the convictions for rape on Counts II thru X, and therefore, the verdict must be vacated.

On a claim of insufficient evidence to support a verdict, the Record must be Reviewed in the light most favorable to the Judgement to determine whether there is substantial evidence, that is reasonable, credible, and of solid value from which a trier of fact Reasonably could find a defendant guilty beyond a Reasonable doubt. (People v. Staten, (2000) 24 cal. 4th 434, 460; People v. Kraft, (2000) 23 cal. 4th 978, 1053; People v. Johnson, (1980) 26 cal. 3d 557, 578; Jackson v. Virginia (1979) 443 U.S. 307, 317-320, 99 S.Ct. 2781, 2789-2790, 61 LEd 2d 560.) It is the Jurys duty to aquit a defendant if it finds the evidence, including circumstantial evidence Reasonably susceptible of two interpretations, one which suggest innocence. (Kraft, Supra at pgs. 1053-54.)

Applying this standard, the evidence of duress or force in the commission of the alleged Rapes was insubstantial, and therefore insufficient to sustain the Jurys verdict. Section. 261 defines Rape as follows:

"(a) Rape is an act of sexual intercourse
accomplished with a person, not the
spouse of the perpetrator, under any
of the following circumstances:

/1

Where it is accomplished against a persons will by means of force, violence, duress, menance, or fear of immediate and unlawful bodily injury of the person or another.

Force within the meaning of section 261, Subd.(a)(2) is that the level of force substentially different form or substantially greater then that necessary to accomplish rape itself. See, (People v. Mom, (2000) Cal. App. 4th 1217, 1224; In Re John Z, (2003) 29 Cal. 4th 756, 763; People v. Bolander, (1994) 23 Cal. App. 4th 155, 165 [conc. opn. of Mihara J.][An act is forcible if force facilitated the act rather than being merely incidential to it].) Here, No force occurred within the meaning of this Rule. This is "not" A case like People v. Bergschneider, (1989) 211 Cal. App. 3d 144, where force greater then that necessary to accomplish the intercourse was found by the defendent's act of pushing aside the victims hands when she placed them in front of her vagina. "Nor" is this A case like People v. Bolander, Supra, 23 Cal. App. 4th 148-159. Instead, and to the extent any specific acts could be ascertained, Marion knew when Petitioner-Appellant, supposedly wanted intercourse and did not resist in any fashion. (RT, 1219-1221, 1223.) Allegedly, when Petitioner-Appellant, pulled down her pants, she did not try to stop they're decent or pull them back up or otherwise stop him in anyway. Hence, unlike Bergschneider, Supra, 211 Cal. App. 3d 153 and Bolander, Supra, 23 Cal. App. 4th 158-59. Nothing beyond that necessary to accomplish the intercourse occurred, or

2

Alternatively, Petitioner-Appellants, conduct was merely incidental to the intercourse. Consequently, there was insufficient evidence of force to support Petitioner-Appellants conviction on this ground. Nor, was the evidence sufficient to support the convictions based on the findings that the alleged rapes occurred, under duress.

SECTION 261, DEFINES DURESS AS:

"A direct or implied threat of force, violence, danger, or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to perform an act which otherwise would not have been performed, or acquiesce in an act to which one otherwise would not have submitted. The total circumstances, including the age of the victim, and his or her relationship to the defendant, are factors to consider in appraising the existance, of duress." (P.C. 261, subd. (b) People V. Shultz, (1992) 2 Cal. App. 4th 999, 1005.) See, People V. Espinoza, (2002) 95 Cal. App. 4th 1287.

Similarly, here there was no evidence that the alleged rapes were accomplished by duress. Obviously, there was an age difference between Marian and her stepfather, [she being 12 or 13, and he was 55 or 56] and presumably a size difference. (CT. 960-961.) Obviously too, Petitioner-Appellant, was a father figure to Marian. (RT. 1206.) However, the parent child relationship does not per se, establish duress. It only creates the potential for psychological coersion which without

3

more is insufficient to establish duress. [ Ibid, quoting, People V. Hecker, (1990) 219 Cal. App. 3d 1238, 1250-51; Compare People V. Corpren, (2002) 103 Cal. App. 4th 8.)

Beyond this psychological component, there is no evidence that Petitioner-Appellant ever threaten Marian with physical harm. (RT. 1221-1223.) Nor was there evidence from which the Jury could conclude that Petitioner-Appellant impliedly threatened Marian with harm which caused her to submit to him on each and every occassion. The evidence did not demonstrate that Petitioner-Appellant, held Marian in any manner at any time. There was no evidence that Petitioner-Appellant, prevented Marian from leaving in any way at any time. There was no evidence that Marian declined to do something, and that the Petitioner-Appellant, ordered her to do it any way at any time. Apart from the alleged act of intercourse itself, there was no evidence that Marian declined to do something or was restrained in any manner or could not have escaped from Petitioner-Appellant on any occassion. The fact that Marian was scared, does not change the Result. "[T]here was no evidence Petitioner-Appellant, was aware and sought to take advantage of such fear." Hence, such an admonition could not have induced Marians. acquiescence to the misconduct. Moreover apart from Petitioner-Appellant, being "Nicer" to Marian, then to her brother or mother (RT.1226-27.) There was no evidence that indicated this behavior toward Marians caused her to acquiece to each alleged Rape. Additionally,

4

Petitioner-Appellants, "meanness" did not rise to the level of an implied threat. Despite, his contrariness, there was no accompanying threat, direct or implied, of physical harm to either Marian, her mother or brother, that was observed or known to anyone in Palmdale California. (RT. 1222).

Even if Marian had seen some act of violence by Petitioner-Appellant, upon her mother at some time (RT. 1221). There was no evidence such an act caused Marian to to submit to Petitioner-Appellant, an no evidence of continuing violence or the threat of violence that caused Marian to submit on each and every alleged occassion. Hence, there could be no conclusion that Marian acquiesced because of imminent or preceived immediate fear her family would be physically harmed. (RT. 1222-23, 1226-27.) The "puppy Toss" (RT. 1222). Does not change the result. While the act showed that the Petitioner-Appellant, mistreated the dog for some reason Also absent was any casual relationship between the act and Marians subsequent submissions to the alleged sexual assaults.

Consequently, the available facts do not demonstrate sufficient evidence to support the Rape convictions on the grounds of duress and/or force and, therefore, the Rape convictions must be reversed...

GROUND, III.

COUNTS VI THRU X OF THE ABSTRACT OF JUDGEMENT MUST BE AMENDED TO CONFORM TO THE JUDGEMENT.

Petitioner-Appellant, was convicted of a violation of Section 261, Subd.(a)(2) in counts VI thru X, all as charged in the amended information (Supp. CT, 91-97; 412-416.)

At the time of Sentencing, the trial court identified counts VI thru X, as Forcible Rapes occurring monthly, from November 1, 1994, thru March 1995. It then Sentenced Petitioner-Appellant, to full consecutive six-year terms. As to each count per Section 667.6 Subd.(d).(RT. 6903-04.)

The minute order of the Sentencing and the abstract of Judgement must be amended, it Reflects six-year terms on each counts VI thru X, but identify the counts as convictions of Forcible Lewd acts in violation of Section 288, Subd.(b)(1).(CT 15-21, 25-26; (Supp. CT [January 14, 2004] 34-41, 46-47.)

Petitioner-Appellant, contends the minute order and the Abstract of Judgement must be Amended to conform to proof and the trial courts oral pronouncement, of Judgement.

It is well settled that "the abstract of Judgement, is Not the Judgement of conviction" and "it cannot add to or modify the Judgement which it purports to digest or Summarize" (People v. Mesa, (1975) 14 cal. 3d, 466, 471, quoting, People v. Hartsell, (1973) 34 Cal. App. 3d 8, 14.) It is equally well Settled that the trial courts oral rendition of Sentence

1.

prevails over both the Clerks transcripts and the abstract of Judgement (§§ 1191, 1202; People v. Karamon, (1992) 4 Cal. 4th 335, 344, Fn. 9; People v. Thomas (1959) 52 Cal. 2d. 521, 529, Fn. 3; People v. Crenshaw (1992) 9 Cal. App. 4th 1403, 1416.)

Here, the information did not allege, and the Jury did not convict the Petitioner-Appellant, of any Forcible Lewd acts upon a child (Supp. Ct. 91-97; 412-416.) Rather as the trial court correctly stated, the counts of conviction in counts VI thru X, were for Rape, for which the trial Court imposed sentences. (RT. 6903-6904.)

Given the counts on conviction and the trial courts proper identification of them, the minute order of the sentencing and the abstract must be corrected to delete all References to Forcible Lewd acts upon a child and Reflect the proper Violations. It is further Requested that an amended abstract be forwarded to the California Department of corrections. Lastly the petitioner-Appellant, can only conclude that this is Just one of many errors that took place in his trial, and that the Totality of errors or very easyly tentamount to a cumulative effect.

2

GROUND, IV.

PETITIONER WAS DENIED HIS FEDERAL CONSTITUTIONAL RIGHT TO A JURY TRIAL, AND THE COURT ACTED IN ACCESS OF ITS JURISDICTION WHEN PETITIONER WAS SENTENCED TO THE UPPER TERM AND CONSECUTIVE TERMS BASED ON FACTS BEYOND, THOSE FOUND TRUE BY A JURY.

The Petitioner-Appellant, Seeks an additional Redress of his Blakely/Cunningham claim, in light of the most Recent Case titled: IN Re, Gomez, 45 cal. 4th 650 (2009) which or also supported by the (2008) Butler v. CURRY, DJDAR 8485, Cunningham v. California, (2007) 549 U.S. 270, and "Black II" which was also decided in 2007. The Petitioners Appellents Federal habeas corpus was placed in two court ordered "stay and Abeyance" Pending Redress of his Blakely/Cunningham Claim after Gomez's decision.

Petitioner-Appellent, contends that the trial courts imposition of the upper term and consecutive sentences constituted a violation of his sixth Amendment Right to a Jury trial under Blakely v. Washington, 124 S.ct. 2531 (2004) Cunningham v. California, 549 u.s. 270.(2007) "Black II" 127 S.ct. 1210, Butler v. Curry, DJDAR 8485 (2008) and IN Re, Gomez, 45 Cal. 4th 650 (2009). Thus Violating Petitioner-Appellents his guaranteed Right under the 14th amendment as well.

Petitioner-Appellant, also cites IN Re Clark, 21 Cal. Rptr. 2d 509 (cal. 1993.)

The Petitioner Respectfully cites *Butler v. Curry*, 2008 DJDAR 8485,

## A. Retroactivity

In *Cunningham*, the Supreme Court addressed a Sixth amendment challenge to California's DSL. The petitioner in *Cunningham* was convicted of "Continuous Sexual abuse of a child under the age of 14." 127 S. Ct. at 860. The crime, like the crimes of which Butler was convicted, was punishable under California law by a lower, middle, or upper term. *Id.* Finding Several aggravating factors, the Judge imposed an upper term *Id.* observing that, under California Penal Code 1170(b)(2005), the Judge was Required to impose a middle term Sentence unless he found one or more aggravating factors, the Court held:

In accord with *Blakely*,... the middle term prescribed in California's statutes, not the upper term, is the Relevant statutory maximum. Because circumstances in aggravation are found by the Judge, not the Jury, and need only be established by a preponderance of the evidence, not beyond a Reasonable doubt, the DSL Violates *Apprendi*'s brightline Rule, - Except for prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be Submitted to a Jury, and proved beyond a Reasonable doubt.

2

1   Citing In Re, Gomez, 45 Cal. 4th 650 (2009).

2

3        Petitioner's sentencing hearing took place

4   on July 29, 2004, five weeks after the United

5   States Supreme Court issued its opinion in

6   Blakely Supra, 542 US. 296, 124 S. Ct. 2531, 159

7   L.Ed 2d 403. Blakely held that a criminal

8   defendants Sixths Amendment Right to Jury

9   trial was violated by a Washington state trial

10  Court's imposition of " 'an exceptional sentence' "

11  beyond the " 'standard range' " provided [45 Cal 4th

12  654] under Washington's Sentencing Reform Act,

13  based upon facts that had not been found to be

14  true by a Jury beyond a reasonable doubt. (Blakely,

15  Supra, 542 U.S. at p. 299, 124 S.Ct. 2831.) Petitioner in

16  the present case, both in the trial court and on

17  appeal, argued that the imposition of the upper

18  term sentence violated his Sixth Amendment Rights

19  under Blakely because none of the aggravating

20  circumstances had been found true by a Jury.

21  On June 16, 2005, during the time petitioner's appeal

22  was pending, this Court decided People V. Black, (2005)

23  35 Cal. 4th 1238, 29 Cal Rptr. 3d 740, 113 P.3d 534 (Black I)

24  holding that Blakely did not apply to California's determinate

25  Sentencing Law (DSL). Thereafter, in the present proceedings,

26  the Court of Appeal upheld petitioners upper-term sentence

27  on September 8, 2005, relying upon our decision in Black I.

28  Petitioner did not seek review in this court or the United

    States Supreme Court.        3

1   Citing In Re Gomez, 45 Cal 4th 680 (2009).

2   [2][3] Ordinarily, we will provide a Remedy

3   a Remedy on Collateral Review of a final

4   Judgement if that Remedy would be available in

5   the federal courts "whether or not we are

6   Campelled to afford defendants a Comparable

7   State Collateral remedy [citations], the availability

8   of the federal Remedy makes it pointless for us

9   To refuse to do so... " (In Re, Spencer (1965) 63

10  Cal. 2d 400, 405-402, 46 Cal. Rptr. 753, 406 P.2d 33.)

11  As a matter of practical policy, it would not

12  make sense for our state courts to reject claims

13  grounded upon Cunningham if those claims would

14  be granted in the federal courts. Such a course

15  of action would result in duplicative litigation and

16  greater delay in achieving finality of state courts

17  Judgements. Consequently, if we conclude that the

18  United States Supreme Court would require the

19  federal courts to afford relief under Cunningham

20  to petitioners in habeas corpus proceedings whose

21  Judgements became final after Blakely but before

22  Cunningham, we will apply the high courts decision

23  in Cunningham in such decisions as well. (FN3)

24

25  In light of this new decision the Petitioner Respectfully

26  seeks additional redress of his Blakely / Cunningham claim,

27  especially when one considers the Close simalarities in the

28  above mentioned cases.

4

1  Therefore, the petitioner now seeks to properly exhaust
2  his Blakely/Cunningham claim with great reference to
3  In Re, Gomez, 45 Cal. 4th 650, (2009). Petitioner contends
4  that the trial courts imposition of the upper term and
5  consecutive sentences constituted a violation of his Sixth
6  Amendment right to a jury trial, see Blakely, Supra,
7  542 U.S. 296, 124 S.Ct. 2531 and Cunningham v. California,
8  549 U.S. 270. Under circumstances controlling herein
9  the Nations high Court in Blakely held that the Sixth
10 Amendment right to a jury trial extends to facts
11 used to aggravate a sentence beyond that reflected
12 in a jury verdict or admitted by the defendant.
13 In Blakely, the defendant pleaded guilty to the second
14 degree kidnapping of his estranged wife, involving domestic
15 violence and use of a firearm, under Washington law,
16 the plea subjected Blakely to a standard sentence of
17 between 49 and 53 months. State law also provided for a
18 sentence above the standard range upon a finding of
19 ("Substantial and compelling reasons justifying an exceptional
20 sentence" 124 S.Ct. 2535.) An illustrative, but not exhaustive
21 list of reasons guided the courts determination of a
22 sentencing departure. However, the law limited a courts
23 departure. However the law limited a court's departure
24 from the standard sentence range.
25 If any reasons were so found, the court was required to
26 make findings of fact and conclusions of law supporting
27 it. After the plea, and consistent with State law, the trial
28 court held a seperate (non-jury) sentencing hearing and

5

URT PAPER
TE OF CALIFORNIA
D. 113 (REV. 8-72)

34769

1  Found that the defendant did act with "deliberate
2  Cruelty" an aggravating factor. Consequently, it aggravated
3  Blakely's sentence by an additional 37 months, resulting
4  in a total sentence of 90 months. (124 S. Ct. 2545)
5  Blakely's Sixth Amendment challenge was initially rejected
6  by the Intermediate Reviewing Court and the Washington
7  Supreme Court denied Review.
8  Relying on Apprendi v. New Jersey, (2000) 530 U.S. 466,
9  120 S. Ct. 2348, 147 L.Ed 2d 435. The United States Supreme
10  Court reversed stating: "other than the fact of a prior
11  Conviction, any fact that increases the penalty for a crime
12  beyond the prescribed statutory maximum must be submitted
13  before a Jury and proved beyond a Reasonable Doubt." The
14  Blakely court held that the Judge could not increase the
15  sentence based upon his findings of "deliberate Cruelty"
16  even though the sentence meted out did not exceed the
17  statutory maximum for that offense. Blakely supra, 542 U.S.
18  296, 304-305.
19      The Blakely court made clear that Apprendi and the Sixth
20  Amendment of the United States Constitution Required that
21  any such sentence enhancement must be proven beyond a
22  Reasonable doubt and found to be true by a Jury. In order
23  to clarify what it meant by the "maximum sentence" as
24  "the maximum sentence a Judge may impose soley on the
25  basis of the facts Reflected in the Jury verdict or admitted
26  by defendant" 124 S. Ct. at 2537; (italics in original).
27
28

6

1    As further stated by the Nations High Court:

2    "In other words, the Relevent 'statutory maximum'

3    is not the maximum sentence a Judge may impose

4    after finding additional facts [to support sentence

5    enhancements], but the maximum he may impose

6    without any additional findings. When a Judge

7    inflicts punishment that the Jury has not found

8    all the facts "which the law makes essential to

9    the punishment" (Ibid... Italics in original.)

10    The petitioner respectfully Request that this Court

11    Review "California's Determinate Sentencing law on

12    Error in imposition of upper term" also Review Rules

13    4.720 and 4.426 of California Rules of Court.

14

15    In the present case, None of the Aggravants Relied

16    upon by trial Court (i.e. Vulnerable Victim, violation of trust,

17    or Number of offenses.) To imposing the upper term for

18    continuous sexual abuse conviction Related to " the fact

19    of Prior conviction" (Apprendi, Supra 530 u.s. at 488-490,

20    See Almendarez-Torres V. United States (1998) 523 u.s. 224,

21    [118 S. Ct. 1219, 140 L. Ed. 2d 350] also Cunningham V. California,

22    549 u.s. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). Thus,

23    under Apprendi, Blakely and Cunningham, petitioner had

24    a Sixth Amendment Right to a Jury trial Subjecting

25    Such factors to the beyond-a-reasonable-doubt Standard

26    of proof. Since none of the non-Recidivist factors Relied

27    upon by the trial Court were decided by the Verdict

28    or otherwise admitted by the petitioner, the trial

1
2  Court herein exceeded its proper Authority in
3  aggravating Petitioners Sentence. Accordingly, Petitioners
4  upper term of 16 years imprisonment does not meet the
5  Constitutional muster under the controlling decisional
6  Law of the United States Supreme Court and must be
7  Vacated.
8  So too must the additional punishment imposed by the
9  imposition of Consecutive Sentences be Reversed.
10  The Court found that consecutive Sentences were
11  Required by Section 667.6(d) on grounds the offenses
12  occurred on seperate occasions, while the Section provides
13  A statutory exception to the general Rule of Concurrent
14  terms absent special findings and the Jury Returned
15  verdicts on each seperate offense, the Jury was not
16  presented with the question of whether Consecutive Sentences
17  should be imposed and made No Commensurate findings
18  beyond A Reasonable doubt, because the Statutes employed
19  by the trial Court to impose these enhanced Sentences
20  was Not presented to or considered by A Jury, the trial
21  Judge had No Authority to impose either the upper term
22  or Consecutive Sentences. Thus, the imposition of aggravated
23  and Consecutive Sentences in this Case violated the petitioners
24  Sixth Amendment Right to A Jury trial. (see) Blakely V.
25  Washington (2004) 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed. 2d 403,
26  Cunningham V. California, 549 U.S. 270, 127 S. Ct. 856, 166 L.Ed.
27  2d 856 (2007) "Black II" 127 S. Ct. 1210, 167 L.Ed 2d 36 (2007)
28  Butler V. Curry, (2008 DJDAR 8485) Petitioners Argument

8

1

2    Is supported by this Courts most Recent decision in,

3    In Re, Gomez, 45 Cal. 4th 650, 88 Cal. Rptr. 3d 177 (2009).

4    It is the belief of the petitioner that in light

5    of the case's cited within his pro se petition, that

6    the only Appropriate Remedy would to Respectfully Request

7    that the Judgement be Vacated.

8    Petitioner also Contends his Constitutional Claim is not

9    waived, and any Suggestion petitioners Constitutional Claim

10   herein was waived by defense Counsels failure to

11   object is without merit.

12   Foundationally, the question of waiver of A Federally

13   guaranteed Constitutional Right is a Federal Question

14   Controlled by Federal Law. [Brookhart V. Janis, (1962)

15   384 U.S. 1, 4, 86 S. Ct. 1245, 16 L. Ed. 2d 314.] Furthermore,

16   at the time petitioner was Sentenced, California Case

17   Law, statutes and Rules did not permit A Jury trial on

18   Sentencing factors in non-Capital Cases. It would have

19   been equally useless to Request Application of Reasonable

20   doubt Standard in light of existing law and other

21   authority. (See e.g., People V. Martinez, (2003) 31 Cal. 4th 673,

22   700 [ Jury determination of truth of aggravating Circumstances

23   in Capital Cases not Subject to Reasonable doubt Standard

24   of proof on aggravating factors used to impose upper

25   term].) Therefore, the claim being Futile prior to Blakely,

26   and otherwise not Subject to Anticipation in light of

27   State Law. (See) People V. Nelson, (1978) 85 Cal. App. 3d 99, 101-102.

28   There is no waiver, (See e.g.) People V. Hill (1998) 17 Cal. 4th 800, 820.

9

_People v. Abbaszadeh_, (2003) 106 Cal. App. 4th 642, 648-49; See, also _People v. Birks_, (1998) 19 Cal 4th 108, 116, Fn.6. (NO waiver where Lower Court bound by higher court on issue) _Reed v. Ross_, (1989) 468 U.S. 1, 11 (104 s.ct. 2901, 82 L.Ed. 2d 1.))

IN any event the error effects the Petitioner-Appellants Substantial Rights (P.C. 1259.) and this court is "Not Prohibited from Reaching a question that has Not been perserved by a Party" _People v. Williams_, 17 Cal. 4th 148, 161-162, Fn. 6.

Accordingly, any and all of the foregoing Authorities permit and/or Require Review of Petitioner-Appellant's petition, Thus granting Relief to the petitioner.

By Virtue of the decisions in BLAKELY, CUNNINGHAM, BUTLER v. CURRY, "BLACK II" and IN RE GOMEZ. The united States Supreme Court and the the United States court of Appeals for The NINTH CIRCUIT has invalidated the California Sentencing Scheme governing the imposition of the upper term and consecutive Sentences. Because Petitioner-Appellant's Sentence suffers from the defects identified in BLAKELEY & CUNNINGHAM, and the most recent decision by the California Supreme court in, IN RE Gomez.

The Petitioner-Appellant, believes his Sentence Should be Vacated.

DATE: 02-08-2011

George H. Gage
George H. Gage,
PRO PER.

10

## CONCLUSION

In closing The Petitioner - Appellant, Respectfully ask the Honorable Justices of the U.S. court of Appeals for the Ninth Circuit, to take in to account the Previously filed documents, Writs, and Motions that has been submitted by the Petitioner - Appellant, take into account witness Testimonies and those by some "expert witnesses" whom spoke of things that or Simply not possible, by medical Standards ie, the Hymen Re-attaches, OR why did the district court order Two "Stay and Abeyances" but Neglected to correct the problem that any Reasonable Jurist would have found debateable, at the least. The totalities of errors are far to many to ignore, The Petitioner - Appellant, Simply asks for A Through and fair Review, and that any wrongs be Righted...

## PRAYER

The Petitioner - Appellant, Prays that the court in its wisdom, inforce the guaranteed Rights under the United States Constitution and provide the Requested Relief, The granting of the Certificate of Appealability and the appointment of adequate counsel and that the Petitioner-Appellant, be allowed to proceed IN-FORMA PAUPERIS.

Respectfully Submitted this 8th day of February, 2011.

DATE: 02-08-2011

George H. Gage
George H. Gage

11

## VERIFICATION
### ( C.C.P. 466; 2015.5; 28 U.S.C. 1746 )

I, George H. Gage declare under the penalty of perjury that I am the petitioner-Appellant, in the above entitled action, I have read the foregoing documents and know the thereof contents or true and correct to the best of my knowledge.

DATE: 02-08-2011                    George H. Gage

                                    George H. Gage

## DECLARATION OF SERVICE BY MAIL
### ( C.C.P. 1013(a); 2015.5; 28 U.S.C. 1746.)

ON February 08, 2011, I turned over the enclosed documents, to correctional staff, for the purpose of inspection and mailing said documents to the following:

UNITED STATES COURT OF APPEALS          OFFICE OF THE
FOR THE NINTH CIRCUIT                   U.S. ATTORNEY
P.O. BOX 193939                         Dept. OF JUSTICE
                                        #1200
San Francisco, Ca.                      312 North Spring St.
    94119-3939                          Los Angeles, Ca.
                                            90012

DATE: 02-08-2011                        George H. Gage

                                        George H. Gage,
                                        Pro Per.

12

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 10 2011

FILED
DOCKETED
DATE        INITIAL

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


To The Clerk of the court,

The Petitioner-Appellant, wishs to bring to the courts attention, that the reason the IN FORM A Packet is not enclosed, is of no fault of the Petitioner-Appellant. The necessary document were sent to the Prison's trust office, and I have yet to receive them back, Petitioner-Appellant, is a little apprehensive about the courts 30 day deadline. So with respects, the Petitioner-Appellant prays that the Honorable Court at least thirty (30) days to obtain the necessary paperwork back from Prison authorities.     Thank You


                    Respectfully

                    George H. Boge

DATE: 02-08-2011          Dist. Case No.

                    CV-05-5057-ODW(OP)

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:05-cv-05057-ODW-OP

George Gage v. Stuart Ryan
Assigned to: Judge Otis D Wright, II
Referred to: Magistrate Judge Oswald Parada
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 07/11/2005
Date Terminated: 01/12/2011
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Petitioner**

**George H Gage**

represented by **George H Gage**
CDC T-57938
Folsom State Prison
Buildign 5 - BA - 128
PO Box 715071
Represa, CA 95671
PRO SE

V.

**Respondent**

**Stuart J Ryan**

represented by **Adrian N Tigmo**
CAAG - Office of Attorney General of
California
300 South Spring Street, Suite 5000
Los Angeles, CA 90013-1230
213-897-2390
Email: docketinglaawt@doj.ca.gov
*TERMINATED: 04/30/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**E Carlos Dominguez**
CAAG - Office of the Attorney General

California Department of Justice
300 South Spring Street Suite 1702
Los Angeles, CA 90013
213-897-2413
Fax: 213-897-2806
Email: DocketingLAAWT@doj.ca.gov

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2005 | 1 | PETITION for Writ of Habeas Corpus by a Person In State Custody (28:2254) Case assigned to Judge Christina A. Snyder and referred to Magistrate Judge Victor B Kenton.(Filing fee $ 5. due) , filed by petitioner George H Gage. (twdb, ) (Entered: 07/14/2005) |
| 07/11/2005 | 2 | NOTICE OF REFERENCE TO A U.S. MAGISTRATE JUDGE. Pursuant to the provisions of the Local Rules, the within action has been assigned to the calendar of Judge Christina A. Snyder and referred to Magistrate Judge Victor B Kenton to consider preliminary matters and conduct all further matters as appropriate. The Court must be notified within 15 days of any change of address. (twdb, ) (Entered: 07/14/2005) |
| 07/20/2005 | 3 | ORDER REQUIRING ANSWER/RETURN TO PETITION. ORDER by Magistrate Judge Victor B. Kenton that Respondent Stuart J Ryan file answer to the petition not later than 9/6/2005. Traverse due by 10/6/2005. Motions to Dismiss shall be filed by 8/19/2005. Opposition to Motions to Dismiss shall be filed by 9/8/2005. (rh, ) (Entered: 07/20/2005) |
| 07/27/2005 | 4 | NOTICE of Appearance filed by attorney Adrian N Tigmo on behalf of Respondent Stuart J Ryan (bg, ) (Entered: 08/01/2005) |
| 07/27/2005 | 5 | NOTICE of Interested Parties filed by Respondent Stuart J Ryan. (bg, ) (Entered: 08/01/2005) |
| 07/29/2005 | | FINANCIAL ENTRY Re: Fee paod for writ of Habeas Corpus (shb, ) (Entered: 08/12/2005) |
| 08/19/2005 | 6 | APPLICATION for Extend Time to File Answer to 9/19/2005 re Petition for Writ of Habeas Corpus (2254) 1 filed by respondent Stuart J Ryan. Lodged proposed order. (dp, ) (Entered: 08/22/2005) |
| 08/22/2005 | 7 | ORDER by Judge Victor B. Kenton : granting 6 Application for Extension of Time to Answer (dp, ) (Entered: 08/22/2005) |
| 09/19/2005 | 8 | APPLICATION for Extend Time to File Answer to 10/19/2005 filed by Respondent Stuart J Ryan. Lodged proposed order. (rh, ) (Entered: 09/21/2005) |
| 09/22/2005 | 9 | ORDER by Judge Victor B. Kenton : granting 8 Application for Extension of Time to and including 10/19/2005 in which to file and serve the ordered Return to Petition for Writ of Habeas Corpus. Petitioner shall file his Traverse on 11/19/05. (bg, ) (Entered: 09/23/2005) |
| 10/19/2005 | 10 | APPLICATION for Enlargement of Time to File Answer to 11/22/2005 filed by respondent Stuart J Ryan. Lodged proposed order. (bg, ) (Entered: 10/21/2005) |
| 10/24/2005 | 11 | ORDER by Judge Victor B. Kenton : granting 10 Application for Extension of Time to and including 11/22/05 in which to file and serve the ordered Answer to Petition for Writ of Habeas Corpus. (bg, ) (Entered: 10/25/2005) |

| 11/22/2005 | 12 | APPLICATION for Extend Time to File Answer to 12/23/2005 filed by Respondent Stuart J Ryan. Lodged proposed order. (rh, ) (Entered: 11/28/2005) |
| 11/22/2005 | 13 | ORDER by Judge Christina A. Snyder : granting 12 Application for Extension of Time to Answer. Having considered Respondent's Applicaiton for enlargement of time, and good cause appearing, IT IS ORDERED that the the application is GRANTED and that Respondent is granted to and including 12/23/2005, in which to file and serve the ordered Answer to Petition for Writ of Habeas Corpus. Petitioner shall file his traverse on 1/23/2006 (yl, ) (Entered: 12/01/2005) |
| 12/14/2005 | 15 | SECOND MOTION for Appointment of Counsel And Declaration of George H Gage filed by Petitioner George H Gage. (yl, ) (Entered: 12/29/2005) |
| 12/16/2005 | 14 | APPLICATION for Extension of Time to File Traverse filed by Petitioner George H Gage. (rh, ) (Entered: 12/29/2005) |
| 12/19/2005 | 19 | NOTICE of Change of Address changing address to Centinela State Prison P O Box 911 Imperial CA 92256. Filed by petitioner George Henry Gge (bg, ) (Entered: 01/04/2006) |
| 12/27/2005 | 18 | APPLICATION for Leave to File Answer with supporting memorandum in access of 25 pages filed by Respondent Stuart J Ryan. Lodged proposed order. (rh, ) (Entered: 01/04/2006) |
| 12/27/2005 | 20 | NOTICE of Change of Address changing address to Centinela State Prison 2302 Brown Road P O Box 731 Imperial CA 92251-0731. Filed by petitioner Geroge H Gage (bg, ) (Entered: 01/04/2006) |
| 12/27/2005 | 21 | NOTICE of Lodging of documents filed by petitioner George H Gage. Lodged 1 envelope with CRD (bg, ) (Entered: 01/04/2006) |
| 01/03/2006 | 16 | MINUTES OF IN CHAMBERS ORDER by Judge Victor B. Kenton : The Court is in receipt of Petitioner's document entitled, "Petitioner's Second Motion for Appointment of Counsel." The Court HEREBY DENIES without prejudice Petitioner's motion for appointment of counsel. (rh, ) (Entered: 01/03/2006) |
| 01/03/2006 | 17 | ORDER by Judge Victor B. Kenton : granting 14 Application for Extension of Time to File Answer. The Court grants Respondent leave to file a Answer to the Petition for Writ of Habeas Corpus with a Memorandum of Points and Authorities in excess of 25 pages and no more thant forty four pages. (bg, ) (Entered: 01/04/2006) |
| 01/03/2006 | 22 | ANSWER (RETURN) to Petition for Writ of Habeas Corpus (2254) 1 filed by respondent Stuart J Ryan.(bg, ) (Entered: 01/05/2006) |
| 01/05/2006 | 23 | MINUTES OF IN CHAMBERS ORDER by Judge Victor B. Kenton :, RE: APPLICATION for Extension of Time to File 14 . The Court HEREBY GRANTS Petitioner's request for an extension of time to file his Traverse up to and including April 23, 2006. No further extensions will be granted. (rh, ) (Entered: 01/05/2006) |
| 01/19/2006 | 24 | MINUTES OF IN CHAMBERS ORDER by Judge Victor B. Kenton : The |

| 01/08/2008 | 33 | REQUEST FOR STATUS REPORT filed by Petitioner George H Gage. (mga) (Entered: 01/25/2008) |
|---|---|---|
| 01/30/2008 | 34 | MINUTES OF IN CHAMBERS ORDER held before Judge Oswald Parada re: Request for Case Status 33 . Petitoiner's case will receive the Court's thorough consideration in the most expeditious manner possible. Petitioners need not file further documents unless otherwise ordered by the Court. The parties will be advised by mail when a decision is issued. (am) (Entered: 02/04/2008) |
| 05/21/2008 | 35 | ORDER RE STAY AND ABEYANCE of Habeas Proceedings Pending Exhaustion of Cunningham Claim by Magistrate Judge Oswald Parada: IT IS HEREBY ORDERED that 1.The current proceedings are hereby stayed pending exhaustion of Petitioner's Blakely/Apprendi claim in light of Cunningham. 2.Petitioner shall further exhaust this claim in a habeas corpus petition filed in state court within thirty days of the date of this Order. (see document image for complete details) (MD JS-6. Case Terminated) (ad) (Entered: 05/28/2008) |
| 06/17/2008 | 36 | NOTICE OF DISCREPANCY AND ORDER: by Magistrate Judge Oswald Parada, ORDERING Request for Enlargement of Time submitted by Petitioner George H Gage received on 6/9/2008 is not to be filed but instead rejected. Denial based on: Proof of Service incomplete. There is no Report & Recommendation on file. Case is stayed. (cys) (Entered: 06/20/2008) |
| 07/17/2008 | 37 | REQUEST for one (1) thirty (30 day enlargment of Time to File exhaustion of Cunningham cliam and Declaration of Raymond Sherman Sr. filed by petitioner George H Gage. (am) (Entered: 07/25/2008) |
| 07/25/2008 | 38 | MINUTES (IN CHAMBERS: PETITIONER'S REQUEST FOR EXTENSION OF TIME) held before Magistrate Judge Oswald Parada: On 7/17/08, Petitioner filed a REQUEST for Extension of Time to exhaust his Cunningham claim 37 . The Court grants Petitioner's request. Petitioner shall have thirty (30) days to present his unexhausted claim in a habeas petition filed in the state courts. Petitioner shall comply with all other provisions of the Court's 5/21/08 order. IT IS SO ORDERED. (ad) (Entered: 07/29/2008) |
| 08/05/2008 | 39 | STATUS REPORT filed by Petitioner George H Gage. (dts) (Entered: 08/07/2008) |
| 08/11/2008 | 40 | STATUS REPORT filed by Petitioner George H Gage. (mrgo) (Entered: 08/15/2008) |
| 09/13/2008 | 41 | STATUS REPORT filed by Petitioner George H Gage. (am) (Entered: 09/16/2008) |
| 10/03/2008 | 42 | STATUS REPORT filed by Petitioner George H. Gage. (cys) (Entered: 10/28/2008) |
| 11/03/2008 | 43 | STATUS REPORT filed by Petitioner George H Gage. (am) (Entered: 12/09/2008) |
| 01/08/2009 | 44 | STATUS REPORT filed by Petitioner George H Gage. (cys) (Entered: 01/12/2009) |

| 02/02/2009 | 45 | STATUS REPORT filed by Petitioner George H Gage. (db) (Entered: 02/10/2009) |
|---|---|---|
| 03/06/2009 | 46 | STATUS REPORT filed by Petitioner George H Gage. (mrgo) (Entered: 03/09/2009) |
| 04/13/2009 | 47 | SUMMARY STATUS REPORT filed by Petitioner George H Gage. (am) (Entered: 04/14/2009) |
| 06/04/2009 | 48 | Petitioner's Monthly STATUS REPORT in Regards to Cunningham Claim filed by Petitioner George H Gage. (gg) (Entered: 06/08/2009) |
| 06/05/2009 | 50 | STATUS REPORT in regards to the exhaustion of Cunningham Claim, filed by Petitioner George H Gage. (gg) (Entered: 06/11/2009) |
| 06/08/2009 | 49 | MINUTES OF IN CHAMBERS ORDER re STAY AND ABEYANCE held before Magistrate Judge Oswald Parada: IT IS HEREBY ORDERED that: 1. The current proceedings are further stayed pending exhaustion of Petitioners Blakely claim in light of Cunningham. 2. Petitioner shall further exhaust this claim in a habeas corpus petition filed in state court within thirty days of the date of this Order. (See document for further specifics) (mrgo) (Entered: 06/09/2009) |
| 07/08/2009 | 51 | STATUS REPORT filed by Petitioner George H Gage. (am) (Entered: 07/10/2009) |
| 08/03/2009 | 52 | MOTION OF EXPLANATION AND REQUEST for Extension of Time to File Blakely v. Washington Claim for Exhaustion filed by petitioner George H Gage. (mrgo) (Entered: 08/13/2009) |
| 08/10/2009 | 53 | Letter dated 8/5/09, from petitioner re: stay in abeyance filed. (mrgo) (Entered: 08/24/2009) |
| 08/27/2009 | 54 | MINUTES (IN CHAMBERS): ORDER STAY AND ABEYANCE by Magistrate Judge Oswald Parada: 52 On August 3, 2009, Petitioner filed a request for an extension of time to file his habeas petition in the state supreme court. On August 10, 2009, Petitioner filed a copy of the recently filed habeas petition in the state supreme court. The Court has confirmed through its independent search of the California Courts website that Petitioner filed his habeas petition in that court on August 7, 2009. Based on the foregoing, the Court denies Petitioners request for an extension of time as moot. (am) (Entered: 09/02/2009) |
| 10/01/2009 | 55 | STATUS REPORT filed by Petitioner George H Gage. (am) (Entered: 10/02/2009) |
| 11/04/2009 | 57 | STATUS REPORT in regards to Blakey/Cunningham Claim filed by Petitioner George H Gage. (am) (Entered: 12/17/2009) |
| 11/17/2009 | 56 | STATUS REPORT filed by Petitioner George H Gage. (am) (Entered: 11/17/2009) |
| 12/07/2009 | 58 | MONTHLY STATUS REPORT in re Blakey/Cunningham filed by Petitioner George H Gage. (am) (Entered: 12/17/2009) |

| | | |
|---|---|---|
| | | of service of issuance of this notice. RE Notice of Change of Attorney Information (G-06) 65 (am) (Entered: 04/30/2010) |
| 05/20/2010 | 70 | Second EXPARTE APPLICATION for Extension of Time to File Supplemental Answer to Petition for Writ of Habeas Corpus; Declaration of E. Carlos Dominguez filed by Respondent Stuart J Ryan. (Attachments: # 1 Proposed Order)(Dominguez, E) (Entered: 05/20/2010) |
| 05/27/2010 | 71 | ORDER by Magistrate Judge Oswald Parada: IT IS HEREBY ORDERED that Respondent is granted a thirty-day extension of time, to June 26, 2010, to file a Supplemental Answer to Petition for Writ of Habeas Corpus. 70 (am) (Entered: 06/03/2010) |
| 06/22/2010 | 72 | SUPPLEMENTAL RETURN to Petition for Writ of Habeas Corpus (2254) 1 filed by Respondent Stuart J Ryan. (Dominguez, E) (Entered: 06/22/2010) |
| 08/16/2010 | 73 | REQUEST for Enlargement of Time not to exceed 8/31/10 in order to File Opposition to respondents supplement filed by petitioner George H Gage. (am) (Entered: 08/25/2010) |
| 08/23/2010 | 74 | SUPPLEMENTAL TRAVERSE AND OBJECTIONS to the Respondents Answer to Petition for Writ of Habeas Corpus (2254) 1 filed by petitioner George H Gage. (am) (Entered: 08/26/2010) |
| 09/07/2010 | 75 | MINUTES (IN CHAMBERS) ORDER by Magistrate Judge Oswald Parada: 73 REQUEST for Extension of Time: The Court accepted for filing the Supplemental Traverse on August 23, 2010. Thus, the Court denies Petitioners request as moot. IT IS SO ORDERED. (ad) (Entered: 09/09/2010) |
| 10/26/2010 | 76 | REPORT AND RECOMMENDATION issued by Magistrate Judge Oswald Parada. Re Petition for Writ of Habeas Corpus (2254) 1 (am) (Entered: 10/26/2010) |
| 10/26/2010 | 77 | NOTICE OF FILING REPORT AND RECOMMENDATION by Magistrate Judge David T Bristow and Lodging of Proposed Judgment and Order. Objections to R&R due by 11/23/2010 (am) (Entered: 10/26/2010) |
| 11/19/2010 | 78 | OBJECTION to Report and Recommendation (Issued) 76 filed by petitioner George H Gage.(mrgo) (Entered: 11/30/2010) |
| 12/29/2010 | 79 | Order by Judge Otis D Wright, II Denying Certificate of Appealability. (lr) (Entered: 01/12/2011) |
| 12/29/2010 | 80 | ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE 76 by Judge Otis D Wright II: IT IS ORDERED that Judgment be entered: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgement be entered denying the Petition and dismissing this action with prejudice. (ad) (Entered: 01/12/2011) |
| 12/29/2010 | 81 | JUDGMENT by Judge Otis D Wright II: IT IS ADJUDGED that the Petition is denied and this action is dismissed with prejudice. (ad) (Entered: 01/12/2011) |
| 01/12/2011 | 82 | NOTICE OF STATISTICAL ADJUSTMENT submitted. MD JS-6. Case |

CLERK, U.S COURT OF APPEALS
FOR THE NINTH CIRCUIT
95 SEVENTH STREET
P.O. BOX 193939
SAN FRANCISCO, CA 94119-3939



$06.20⁰
02/18/2011
US POSTAGE

USDC, Los Angeles
Central District of California (Los Angeles)
312 North Spring Street
Los Angeles, CA 90012

